William **GAUDREAU** et al. d.b.a. Ocean View Associates, a Massachusetts general partnership

v.

Arnold **BLASBALG** et al.

No. 91–583–Appeal.

Supreme Court of Rhode Island.

Jan. 11, 1993.

Douglas H. Smith, Providence, for plaintiffs.

Patrick T. Conley, East Providence, for defendants.

## OPINION

MURRAY, Justice.

The plaintiffs in this case are the six general partners of Ocean View Associates, a Massachusetts general partnership. These plaintiffs appeal from an order of a trial justice granting the defendants' motion to dismiss. We sustain the plaintiffs' appeal.

The allegations of the parties are as follows. According to defendants, in 1987 plaintiffs, Ocean View Associates, purchased a three-family home at 623 Potters Avenue in Providence, Rhode Island. Throughout 1987 and 1988 Ocean View Associates allegedly failed to pay real estate taxes on this property, and in 1989 the city of Providence sold this home to defendants at a tax sale for $802.57, the exact amount of taxes owed by Ocean View Associates to the city of Providence.

The defendants claim that more than one year later they filed an action attempting to foreclose Ocean View Associates' right of redemption pursuant to G.L.1956 (1988 Reenactment) § 44–9–25. The defendants allege that they had difficulty identifying the general partners of Ocean View Associates and serving them with notice of the foreclosure action. General Laws 1956 (1992 Reenactments) §§ 6–1–1 and 6–1–3 require all partnerships in Rhode Island conducting business under an assumed name to register the names and addresses of the general partners with the municipal clerk in the city where they conduct or intend to conduct the business. Ocean View Associates, according to defendants,

failed to register this information, and as a result, defendants could not find the names and addresses of the general partners. In addition the collector's deed that defendants received at the tax sale and which is at issue in the instant case did not identify the general partners. The collector's deed listed the owners of the property as "Ocean View Associates, 308 Locust Avenue, Fall River, MA 02720."

The defendants claim that on June 12, 1990, they mailed notice, certified mail with return receipt requested, to Ocean View Associates at the Locust Avenue address listed on the collector's deed. The defendants assert that a post office employee attempted to deliver notice to this address on June 13, 18 and 23 of 1990 and that a post office employee returned the notice to defendants marked "unclaimed." The defendants assert they then attempted to track down a phone number listing for Ocean View Associates in the Fall River directory and failed. Ultimately defendants asked and received approval from Superior Court to provide constructive notice through advertisement in the *Providence Journal* on three separate dates in September 1990. These advertisements also failed to elicit a response from Ocean View Associates.

On October 29, 1990, without word from Ocean View Associates, defendants appeared before Superior Court and obtained a default judgment. This default judgment purported to foreclose Ocean View Associates' right to redeem the Potters Avenue property forever.

After defendants acted on their newly acquired default decree by collecting rent from the tenants on the premises, Ocean View Associates apparently learned of the tax sale and the subsequent foreclosure of their right of redemption. Ocean View Associates then sought to set aside this default judgment on the grounds that defendants had failed to provide them with proper notice of the foreclosure action.

 From a procedural standpoint the normal route that a party would take to vacate a default judgment would be to file a motion to set aside the judgment pursu-

ant to Rules 55(c) and 60(b) of the Superior Court Rules of Civil Procedure. Rule 81(a)(2), however, limits the applicability of the Rules of Civil Procedure to petitions for foreclosure of redemption interests in land sold for nonpayment of taxes. Rule 81(a)(2) states that the Rules of Civil Procedure only apply to these foreclosure actions insofar as the Rules provide a method for appealing to the Supreme Court. Thus Rule 81(a)(2) precluded Ocean View Associates from filing a motion to set aside the default decree.

With this avenue for redress unavailable to them, Ocean View Associates initiated a separate lawsuit that is now the subject of this opinion. In this lawsuit Ocean View Associates petitioned Superior Court for a preliminary injunction barring defendants from enforcing their allegedly void default judgment. The defendants responded by filing a motion to dismiss the complaint. This matter came before a trial justice on August 28, 1991, and the trial justice denied plaintiffs' motion for a preliminary injunction and granted defendants' motion to dismiss.

 On this appeal Ocean View Associates argue that the trial justice misapplied the standard for reviewing a motion to dismiss. We agree. On many occasions this court has set forth the standard a trial justice must apply when reviewing a motion to dismiss. In *Thompson v. Thompson*, 495 A.2d 678, 680 (R.I.1985), we stated, "[T]he trial justice must look no further than the complaint, assuming the truth of all the allegations therein and resolving any doubts in the plaintiff's favor." We have also held that a trial justice should not grant a motion to dismiss unless it is clear beyond a reasonable doubt that the plaintiff is not entitled to any relief, no matter what set of facts that the plaintiff may be able to prove in support of his or her case. *Bragg v. Warwick Shoppers World*, 102 R.I. 8, 12, 227 A.2d 582, 584 (1967).

 In the present litigation the trial justice did not limit his review of the case to the legal sufficiency of Ocean View Associates' complaint. At one point the trial justice noted:

"They, the partners, had to be aware of their own delinquency. In fact, they chose to hold the property in the partnership name. They chose not to file in the community indicating who the partners were behind the partnership. A balancing of the equities would not suggest, as you look at all of these facts, that now some several months after the foreclosure of the right to redeem, that somehow this [c]ourt should, as a court of equity, should act to set aside that which has occurred."

This judicial factfinding and weighing of the evidence is inappropriate at the motion-to-dismiss stage of litigation. In Ocean View Associates' complaint, the partners assert that defendants failed to afford them adequate notice of the action foreclosing Ocean View Associates' right of redemption. On its face this complaint is legally sufficient and survives a motion to dismiss.

We also note that an evidentiary hearing would be helpful to the resolution of this case. Deciding whether notice was adequate is necessarily a fact-based inquiry. An evidentiary hearing would test the factual assertions made by the parties and outlined in this opinion. Ocean View Associates may be able to prove at a hearing that defendants sent notice to an incorrect address. In addition an evidentiary hearing would likely reveal whether an office of Ocean View Associates or one of its general partners was located at the Locust Avenue address to which defendants claim they sent notice.

■ In arguing for a contrary result, defendants maintain that the trial justice's granting of their motion to dismiss was proper because the doctrine of res judicata precludes Ocean View Associates from relitigating a matter already decided by a court of competent jurisdiction. Stated briefly, the doctrine of "[r]es judicata serves as an 'absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action.' " *In re Sherman,* 565 A.2d 870, 872 (R.I.1989) (quoting *Beirne v. Barone,* 529 A.2d 154,

157 (R.I.1987)). This doctrine ensures that judicial resources are not wasted on multiple and possibly inconsistent resolutions of the same lawsuit. *See Silva v. Silva,* 122 R.I. 178, 184, 404 A.2d 829, 832 (1979). The defendants argue that because there is an identity of parties, and because a Superior Court justice granted a default judgment against Ocean View Associates on the right-of-redemption issue, res judicata bars Ocean View Associates from relitigating this matter in a separate lawsuit.

■ The defendants' reliance on res judicata to support the trial justice's granting of the motion to dismiss is misplaced. In *Lamarche v. Lamarche,* 115 R.I. 472, 474, 348 A.2d 22, 23 (1975), we stated that "[a] valid judgment cannot be entered against an individual who has not received any notice which would have afforded an opportunity for the concerned individual to show cause against its entry." In the context of a motion to dismiss, we must assume as true Ocean View Associates' allegation that notice was defective and hence that the initial default judgment was void. In our view a void judgment does not preclude Ocean View Associates' lawsuit.

For the foregoing reasons we sustain the plaintiffs' appeal, reverse the judgment of the Superior Court, and remand the case to Superior Court for further proceedings consistent with this opinion.