**James H. WOLOOHOJIAN, General Partner of E & J Realty Associates**

v.

**Elizabeth V. BOGOSIAN, Individually and as a General Partner of E & J Realty Associates.**

**No. 93–704—Appeal.**

Supreme Court of Rhode Island.

June 30, 1994.

Matthew Oliverio, Alan Fink, C. Pliakas, William Grimm.

William Chaika, Michael McGovern.

### ORDER

This matter came before the Supreme Court on June 21, 1994, pursuant to an order directing the defendant to appear in order to show cause why her appeal should not be summarily decided. The defendant, Elizabeth V. Bogosian (Bogosian), appeals from an order approving the petition of the receiver of E & J Realty Associates (E & J Realty) to sell a parcel of real estate owned by E & J Realty, a general partnership.

In August 1987 plaintiff, James H. Woloohojian (Woloohojian), a general partner of E & J Realty, filed a verified complaint for the dissolution of E & J Realty, the liquidation of the partnership's assets, and the appointment of a receiver. A receiver was later appointed. He was authorized to sell the real property of E & J Realty, among other things, "*provided, however*, that approval is first given for such sale or sales by [the Superior Court] after hearing on application by the Receiver with written notice to and opportunity to be heard by the general partners, Woloohojian and Bogosian."

Bogosian argues that she perceived that the lawyers and the hearing justice had a conference off the record prior to the hearing on the receiver's petition and that the court did not permit her attorneys to present evidence on the record. She claims that the court "summarily and without any meaningful hearing granted" the receiver's petition to sell the property without "a scintilla of the slightest evidence" to support the petition.

The receiver disputes defendant's assertion that there was a prehearing conference in chambers. He explains that the conference to which the hearing justice referred took place weeks before the hearing and that defendant was represented by predecessor counsel. The receiver also claims that five minutes prior to the hearing defendant offered to purchase the property under the same terms and conditions as the other purchaser plus $100. It should be noted that the receiver was appointed in early 1988 and that he had attempted to sell the property for several years before he received the offer from the purchaser.

We conclude that defendant's arguments are unavailing.

Consequently after hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. The defendant's appeal is denied and dismissed, and the order appealed from is affirmed.

LEDERBERG, J., did not participate.