### Elizabeth V. BOGOSIAN

v.

### James H. WOLOOHOJIAN et al.

### No. 95–482—Appeal.

Supreme Court of Rhode Island.

March 13, 1996.

Eustace T. Pliakas, Kristen Rodgers Sullivan, Providence.

Alan Flink, Mark Freel, William Grimm, Providence.

### ORDER

This case came before the court March 6, 1996, pursuant to an order dated January 5, 1996, which had directed the plaintiff, Elizabeth V. Bogosian, to present to the receiver a definite commitment for the payment of a purchase price in the amount of $2.75 million and to satisfy the receiver with requisite proof that she should be able to pay the receiver the amount required in her offer to purchase.

At the prior hearing the plaintiff had asserted through counsel that she would obtain financing in part through a purchasing partner, Gerald Goldstein. The prior order had given the plaintiff a sixty-day window of opportunity to implement this order.

On March 6, 1996, the plaintiff presented to the receiver for the first time pursuant to her offer, a proposal to finance the transaction by means of a first mortgage to be obtained from Hermes Investment Corporation and its sole shareholder, Gregory G. Demetrakas of Cranston, Rhode Island (collectively Hermes). Prior to March 6, 1996, the receiver had been given no information concerning this proposal. The letter addressed to the receiver is attached hereto and made a part hereof and includes the tender of a check for $100,000 payable to the receiver to be deposited in the registry of the court.

Both counsel for the receiver and counsel for the defendant, James H. Woloohojian, expressed grave misgivings about the ability of Hermes to implement this offer in accordance with its terms. The receiver also argued personally to the court that this offer, even if implemented, would be less advantageous to the receivership than the prior offer which had been presented by the Woloohojian interests. The receiver had recommended the acceptance of the Woloohojian offer and his recommendation had been approved by a justice of the Superior Court.

The plaintiff had appealed from the order of the Superior Court, thus giving rise to the hearing that took place on October 31, 1995 before this court.

In light of the questions of fact which have been raised by the receiver and by counsel for defendants, this case is remanded to Justice Francis Darigan of the Superior Court for an evidentiary hearing to determine the ability of Bogosian and Hermes to implement the offer presented March 6, 1996, and further to determine whether this offer or the earlier offer made by Woloohojian, LLC is more advantageous to the receivership and to the parties.

Pending the hearing before the Superior Court, the receiver may hold the check presented by Hermes but should not deposit said check in the registry of the court unless and until the Superior Court justice should approve the Bogosian offer.

Any decision by the justice of the Superior Court may be appealed to this court but will be immediately certified for expedited consideration as soon as a transcript is prepared by the appealing party.

ATTACHMENT

**HERMES INVESTMENT
CORPORATION
500 NORTH BROADWAY
EAST PROVIDENCE,
RHODE ISLAND 02914
TEL: (401) 435–7000
FAX: (401) 438–7215**

March 6, 1996

Alan S. Flink, Receiver
Woloohojian Realty Associates
c/o Edwards and Angell
2700 Hospital Trust Tower
Providence, Rhode Island 02903

Re: *Elizabeth V. Bogosian v. James L. Woloohojian, et al.,*

Supreme Court 95–482—Appeal, (KC 87–896)

Dear Mr. Flink:

Hermes Investment Corporation, a Rhode Island loan and investment company ("Hermes"), and its sold shareholder, Mr.

Gregory G. Demetrakas of Cranston, Rhode Island, do hereby jointly and severally agree to provide, on or before April 6, 1996, up to $2,050,000. of first mortgage financing to Bogosian LLC to enable Bogosian LLC to purchase the assets of Woloohojian Realty Associates. The only conditions to making this loan are (1) good and marketable title to the parcels being purchased, (2) the structural integrity of the apartment and office buildings and (3) a clean environmental report on the apartment and office parcels being purchased.

As evidence of the bona fides of this offer, Hermes hereby tenders a check for $100,000. payable to you as Receiver to be deposited in the registry of the Court and to be forfeited in the event the proposed loan to Bogosian LLC is not made for any reason other than the non-fulfillment of any of the three foregoing conditions.

The undersigned represents to you that Hermes has a book and shareholder debt net worth of approximately $4,000,000. and that he has a net worth in excess of $10,000,000.

Very truly yours,
/s/ Gregory G. Demetrakas
Gregory G. Demetrakas,
President and Sole Shareholder
of Hermes Investment Corporation