Elizabeth V. BOGOSIAN

v.

James H. WOLOOHOJIAN et al.

No. 95–482–Appeal.

Supreme Court of Rhode Island.

Oct. 24, 1996.

Eustace T. Pliakas, Kristen Rodgers–Sullivan, Providence.

William R. Grimm, Alan S. Flink, Mark W. Freel, Providence.

ORDER

This case came before a panel of the Supreme Court on October 15, 1996, pursuant to an order directing the plaintiff,[1] Elizabeth V. Bogosian, to file by September 13, 1996, a memorandum in support of her show cause argument and the defendants through and including September 30, 1996, to file responding memoranda. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we deny the plaintiff's appeal.

The plaintiff has appealed from an order of the Superior Court approving the receiver's petition to sell all assets of Woloohojian Realty Associates (WRA), a Rhode Island general partnership, to Woloohojian, LLC.

This case has had an extensive procedural history since the appeal was originally filed on July 7, 1995. On September 15, 1995, this Court entered an order expediting the appeal. Both parties were directed to show cause why the appeal should not be summarily decided, and the appeal was heard on December 19, 1995. After oral argument, this Court sustained plaintiff's appeal in part by granting her a 60 day "window of opportunity" in which to secure the financing for an offer she had made for the receivership property. This Court also stated that if plaintiff had not submitted a definite commitment for the payment of the purchase price, the receiver could accept defendant's offer. This Court retained jurisdiction over the case and ordered Mrs. Bogosian to appear on March 6, 1996, with the proof that she was able to pay the receiver the amount called for in her offer to purchase.

On March 6, 1996, plaintiff again appeared before this Court and presented to the receiver for the first time a new proposal to finance the transaction. Both counsel for the receiver and counsel for defendant expressed grave misgivings about the ability of the new financier to implement the financing. In light of the questions of fact raised by the receiver and defendant regarding the financing of the new proposal, this Court remanded the case to the Superior Court for an evidentiary hearing to determine the ability of plaintiff and the new financier to implement the offer presented to this Court and to determine whether plaintiff's offer or an earlier offer made by Woloohojian, LLC would be more advantageous to the receivership and to the parties.

The hearing on remand took place on May 6, 1996, at which time plaintiff moved for a continuance because, plaintiff had been enjoined by a different Superior Court justice

1. This Court's August 19, 1996 order incorrectly named plaintiff's daughter, instead of Elizabeth V. Bogosian, as plaintiff.

from attempting to use any of her equitable interest in WRA. The hearing justice denied the continuance and found as a fact that further delay would cause "irreparable harm to this receivership." After reviewing the facts, the justice found that plaintiff was unable to make an offer based on any other financial resources. Therefore, the justice affirmed the offer of $2.45 million made by defendants and recommended by the receiver but also recognized that defendants had recently conveyed a higher offer of $2.75 million to the receiver.

The plaintiff contended that the trial justice erred in not granting her request for a continuance. The decision to grant or deny a continuance lies in the sound discretion of a trial justice. *Nicholson v. Buehler,* 612 A.2d 693, 698 (R.I.1990). Moreover, plaintiff's argument that the trial court's conclusion should be reversed on the grounds that it was clearly wrong and unsupported by competent evidence is without merit. The trial justice heard the petition for the sale of assets in a detailed and lengthy hearing in the Spring of 1995. The trial court ultimately found that the receiver's offer of $2.45 million, although lower than plaintiff's offer of $2.75 million, was more beneficial to the receivership. Having found that plaintiff could not move forward with her offer, the trial court relied on its previous findings regarding the sale of assets. Consequently, there was no abuse of discretion by the hearing justice.

At the May 6, 1996 hearing, counsel for the receiver presented to the court a letter from WRA increasing its offer to $2.75 million and requested that it be marked and made part of the record. Counsel for WRA joined in the request that was granted by the trial justice.

[ATTORNEY FOR RECEIVER:] "[W]e have here a letter that Mr. Grimm [attorney for James Woloohojian] delivered increasing their bid to 2.75, and we'd be more than happy to mark that and make it part of the record before this court so that the court can approve the deal of the higher price as well, because obviously that's in the interest of the receivership and Mrs. Bogosian as well.

"MR. GRIMM: I would join in the Receiver's request in that regard, Your Honor.

"THE COURT: Let's mark it and make it part of the record." Transcript of 5/6/96, pp. 17–18.

Thus, WRA's $2.75 million offer was properly entered on the record for acceptance by the receiver.

Consequently, we deny and dismiss the plaintiff's appeal, and remand to the Superior Court the papers in this case with direction that the defendants' higher offer of $2.75 million be accepted without the necessity of any further hearings. We further direct that the determinations by the trial justice in concluding the receivership shall be final.

FLANDERS, J., did not participate.