James H. WOLOOHOJIAN

v.

Elizabeth V. BOGOSIAN

v.

Evan Bogosian PERRI.

No. 96–370–Appeal.

Supreme Court of Rhode Island.

Oct. 24, 1996.

William A. Grimm, Orlando, FL.

Bruce Todesco, Patricia A. Sullivan, Alan S. Flink, Providence.

## ORDER

This matter came before a panel of the Supreme Court on October 15, 1996, pursuant to an order directing Evan Bogosian Perri (Perri or intervenor) to file a memorandum in support of her show cause argument and granting the defendants through and including September 30, 1996, to file a responding memorandum.

After hearing the arguments of counsel for the parties and after reviewing their memoranda, this Court concludes that cause has not been shown. Therefore, the appeal will be decided at this time.

Perri, a real estate broker, argued that she had entered into a written agreement to sell a piece of real property called Harrow Hills on behalf of E & J Realty Associates (E & J). The E & J general partners, James Woloohojian and Elizabeth Bogosian, agreed to pay Perri as a commission for her work, a piece of property that was included in the receivership estate (Cowessett property). In or about 1987, Woloohojian petitioned E & J into receivership. In March of 1988, a justice of the Superior Court ordered the receiver, Alan S. Flink, Esq., to advertise and notify all creditors and claimants of E & J of the obligation to file claims with the receiver by July 5, 1988, or be barred. In August 1994, Perri filed the commission agreement along with Elizabeth Bogosian's affidavit attesting to the commission agreement in the Land Evidence Records in the City of War-

wick. The receiver's first notice of Perri's claim was in the form of a letter dated March 22, 1996. Subsequently, Perri filed a complaint against the receiver claiming that pursuant to the commission agreement, she should receive the Cowessett Property. The receiver filed a motion to disallow Perri's claim against the receivership. Perri's complaint was denied on the grounds that the March 4, 1988 Superior Court Order barred all claims against receivership assets unless filed under oath with the receiver by July 5, 1988 and on the ground that Perri's 10 year delay constituted laches. Perri appealed.

Perri contended that the principle of laches cannot be supported by delay alone but must also include evidence that the delay has caused prejudice to the other party, which she asserted was not the case in this matter. Perri's claim was contradicted by the receiver's lengthy testimony regarding the expenses and efforts expended in his reliance on the inclusion of the Cowessett Property in the receivership estate. Further, there was testimony that the documents filed in the land records would cloud title to the Cowessett Property, prevent the pending sale of the property, and would adversely affect the administration of the estate.

The trial justice found as a fact that the filing in the land records was "not a filing by people who merely were trying to pursue their rights upon discovering that the rights existed." The trial court specifically found that Perri's testimony was not credible and that plaintiff:

"did not bring this filing or this claim's existance [sic] to the attention of the Receiver until she chose to so through [attorney] H. Norman Knickle in a letter dated March 22, 1996, and that she too as did Elizabeth Bogosian have [sic] many opportunities for making this claim known to the Receiver both with respect to the order issued by Judge Bourcier back in March of 1988 and at many times subsequent thereto, and yet she did not at any time until March 22, 1996 make that claim known to the Receiver."

Consequently, the trial justice concluded that the legal principle of latches applied "particularly because of the knowledge of the

parties involved in this real estate activity." He emphasized that the parties knew or should have known how to and when to perfect their claim against the estate and that they chose not to do so. The hearing justice further concluded that the parties sat silently while the receiver made legitimate and serious attempts to market the property and thereby caused great delays in time, energy and resources to the receiver and the receivership by sitting on their rights.

It is well-settled that this Court will not disturb the factual findings of a trial justice unless the trial justice misconceived or overlooked material evidence or was otherwise clearly wrong. *Capital Properties, Inc. v. State,* 636 A.2d 319, 323 (R.I.1994). We are of the opinion that the trial justice was not clearly wrong in ordering that the filing in the land evidence records should be expunged and that the principle of laches applied to Perri's claim that was filed with the receiver approximately 8 years after the bar date for such claims.

Consequently, we deny and dismiss Perri's appeal and affirm the decision of the Superior Court to which we return the papers in this case.

FLANDERS, J., did not participate.