DECISION
Before this Court is the defendant's motion to reopen the foreclosure petition action in which an entry of default was entered against him. The subject property is located in Richmond, Rhode Island and described as Tax Assessor's Plat 10D Lot 27 (property).
 FACTS/TRAVEL
On or about January 7, 2002, plaintiff, L. Brayton Foundry Building Corporation (Brayton), filed a Petition to Foreclose Right of Redemption for all parties claiming an interest in the property. Brayton purchased an interest in the property at a tax sale held on January 4, 2001 by the Collector of Taxes for the Town of Richmond. The property was previously owned by defendant David M. Van Horn (Van Horn) and included his personal residence.
On or about March 1, 2002, Brayton filed an application and affidavits with the Clerk of this Court for an entry of default against Van Horn due to his failure to answer. On that same day, a Superior Court Justice ordered that Van Horn's rights of redemption were forever foreclosed and barred under the deed given by the Tax Collector and recorded in the office of the Recorder of Deeds in Book 138, Page 651.
On April 18, 2002, Van Horn, acting pro se, filed a motion to reopen the case. Brayton objected and on June 21, 2002, the parties appeared before this Court on Van Horn's motion.
 MOTION TO REOPEN AFTER ENTRY OF DEFAULT
Rule 55 of the Rhode Island Superior Court Rules of Civil Procedure delineates the process for the entry of default. In this case Van Horn signed a certified notice of the petition to foreclose his right of redemption in the property on February 4, 2002. The notice informed Van Horn that he had twenty (20) days from receipt to file a written answer setting forth his objections or defenses to each part of the petition. No such pleading was ever filed by Van Horn.
Brayton submitted an affidavit of failure to plead or otherwise defend and according to Rule 55 (b)(1), the Clerk of this Court entered default judgment against Van Horn on March 1, 2002. Due to this default, a Superior Court Justice issued an order that forever barred all rights of redemption in the property.
Van Horn's motion to reopen is misplaced due to Rule 81. Rule 81(a)(2) precludes a plaintiff from filing a motion to set aside a default decree which foreclosed a redemption interest in land sold for the nonpayment of taxes. Gaudreau v. Blasbalg, 618 A.2d 1272 (R.I. 1993). In Gaudreau, the plaintiff filed a separate cause of action seeking an injunction barring the defendants from enforcing a default judgment against him that he alleged was void. In a foreclosure action for failure to pay taxes, this is the only procedural avenue available to a party seeking to set aside a default.
 CONCLUSION
Since 81(a)(2) precludes Van Horn from filing a motion to set aside an entry of default decree this Court will not address the merits of the motion. The motion to reopen the foreclosure petition is denied as a matter of law.
Counsel shall submit the appropriate order for entry.