James H. WOLOOHOJIAN

v.

Elizabeth V. BOGOSIAN.

No. 2001–468–Appeal.

Supreme Court of Rhode Island.

April 29, 2003.

Mark W. Freel, Providence, William R. Grimm, Boston, MA, Brian C. Newberry, Providence, for Plaintiff.

Gary N. Stewart, Warwick, Alan S. Flink, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, J., and WEISBERGER, C.J. (Ret.).

## OPINION

PER CURIAM.

The defendant, Elizabeth V. Bogosian (defendant), appeals from a Superior Court judgment ordering the disbursement of certain assets of E & J Realty Associates (E & J) in connection with the closure of a receivership. The plaintiff, James H. Woloohojian (plaintiff), and the defendant are siblings and equal partners in E & J, a general partnership organized under Rhode Island law.

This case was scheduled to come before the Supreme Court for oral argument on March 3, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. How-

ever, neither defendant nor her counsel appeared. Accordingly, we decide this appeal only on the parties' written submissions. After examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. Because the hearing justice properly disbursed E & J's assets and closed the receivership, we affirm his decision.

## I

### Facts and Travel

In 1987, plaintiff petitioned E & J into receivership. At that time, the Superior Court appointed Alan S. Flink, Esquire (receiver), to be E & J's receiver for the purpose of winding up the partnership. Since then, plaintiff and defendant have made several trips to this and various other courts on a variety of issues relating to this receivership and other business ventures. *See, e.g., Bogosian v. Woloohojian,* 158 F.3d 1 (1st Cir.1998); *Bogosian v. Woloohojian Realty Corp.,* 923 F.2d 898 (1st Cir.1991); *Bogosian v. Woloohojian,* 167 F.Supp.2d 491 (D.R.I.2001); *Bogosian v. Woloohojian,* 93 F.Supp.2d 145 (D.R.I. 2000); *Bogosian v. Woloohojian,* 882 F.Supp. 258 (D.R.I.1995); *Bogosian v. Woloohojian,* 749 F.Supp. 396 (D.R.I.1990); *Woloohojian v. Bogosian,* 685 A.2d 278 (R.I.1996) (mem.); *Bogosian v. Woloohojian,* 685 A.2d 274 (R.I.1996) (mem.); *Bogosian v. Woloohojian,* 672 A.2d 462 (R.I. 1996) (mem.); *Woloohojian v. Bogosian,* 645 A.2d 493 (R.I.1994) (mem.).

In the course of liquidating E & J's assets, the receiver sold two properties, one at 1149 Cowesett Road in Warwick (Cowesett Road property) and the other at the corner of Route 2 and Cowesett Road in Warwick (Route 2 property). Thereafter, in September 2001, the receiver submitted his thirty-third and final report to the Superior Court. In his report, the

receiver recommended that E & J's remaining assets be equally divided and distributed to plaintiff and defendant. E & J's assets consisted of four limited partner "units" in Maplewood Associates (Maplewood), a limited partnership organized under Rhode Island law. The plaintiff and defendant were the only two general partners in Maplewood, and E & J was one of dozens of limited partners.

The receiver further recommended that the receivership be closed, and petitioned to be discharged from the matter. On September 14, 2001, the hearing justice authorized the receiver, *inter alia,* to pay certain legal fees and investor service fees and file taxes on behalf of E & J. He further authorized that E & J be dissolved and that the receiver be discharged. Additionally, the hearing justice directed the receiver to distribute defendant's assets due under the order into a pending interpleader action that the receiver instituted in Superior Court. In a supplemental order dated September 24, 2001, the hearing justice ordered the distribution of E & J's interest in Maplewood in accordance with the receiver's recommendation.

The defendant timely appealed from the hearing justice's order. First, she challenges the Superior Court's jurisdiction to approve the receiver's sale of the Cowesett Road property. The defendant also asserts that the hearing justice's order approving the transfer of the Route 2 property should be set aside because the receiver carried out the transaction in bad faith. She also takes issue with the hearing justice's distribution of E & J's shares in Maplewood. Further, according to defendant, the hearing justice improperly refused to allow her to inspect the tax returns that the receiver prepared and submitted on behalf of E & J. The defendant also asserts that the hearing justice erred in refusing to close the interpleader ac-

tion. Finally, defendant contends that the hearing justice erred by failing to hold an evidentiary hearing to fully explore certain allegations of wrongdoing on the part of plaintiff and the receiver before closing the receivership. We disagree with each of defendant's arguments and address them *seriatim.*

## II

## Discussion

On appeal, defendant challenges the validity of the transfers of the Cowesett Road and Route 2 properties. The order from which she appeals, however, does not address either of those transfers. Rather, the record reveals that the last Superior Court order addressing the transfer of the Cowesett Road property was entered in June 1999 and the last one addressing the transfer of the Route 2 property was entered in December 1996.

Because those transfers were not addressed in the order from which defendant appeals, we cannot review them. Further, because the appeal period passed long ago, the only way we could vacate those judgments is through Rule 60(b) of the Superior Court Rules of Civil Procedure. Since defendant never filed a motion under that rule, this Court has no authority to revisit those orders.

■ Even if defendant had moved to vacate the judgments based on the arguments she asserts here, we are satisfied that her efforts would have proved to be unsuccessful. With respect to the Cowesett Road property, defendant argues that neither the Superior Court nor the receiver had jurisdiction over the property or power to approve its sale because that property was transferred to her daughter, Evan Bogosian–Perri (Perri), before the receivership was instituted. *See Francis v. Buttonwood Realty Co.,* 765 A.2d 437,

443 (R.I.2001) (noting that a receiver "stands in the shoes of the person over whose estate he has been appointed"). This challenge to subject-matter jurisdiction, however, is barred by *res judicata.* The doctrine of *res judicata* prohibits the relitigation of a matter already litigated by the parties, or those in privity with them, in an earlier action that resulted in a final judgment. *See Gaudreau v. Blasbalg,* 618 A.2d 1272, 1275 (R.I.1993). This Court already concluded that the doctrine of laches precluded Perri from asserting a right in the Cowesett Road property. *See Woloohojian,* 685 A.2d at 278–79.

■ Similarly, defendant's challenge to the transfer of the Route 2 property is without merit. This Court will not disturb a hearing justice's factual findings unless he or she overlooked or misconceived material evidence or otherwise was clearly wrong. *Woloohojian,* 685 A.2d at 279. Additionally, a hearing justice's decision about disbursing the assets of an entity in receivership will not be reversed unless that decision is clearly wrong. *See id.*

The defendant argues that the Route 2 property was sold for substantially less than its full market value due to the receiver's bad faith and/or poor judgment. However, the hearing justice stated that he did "not see [a] scintilla of evidence * * * of any misconduct on the part of the receiver." Upon review of the record, there is no evidence that the hearing justice's finding was erroneous. Indeed, it appears that the receiver acted in a purely professional manner and that he followed proper procedures under the supervision of the hearing justice.

■ The defendant also alleges that the hearing justice's equal distribution of E & J's interest in Maplewood to plaintiff and defendant was error. We disagree. According to defendant, the distribution was

prohibited because it contravened the Maplewood partnership agreement (agreement). The agreement provides that a limited partner may be substituted only upon the previous written consent of the general partners. The defendant says that the transfer was prohibited pursuant to the agreement for lack of consent. However, the agreement also reveals that plaintiff and defendant are the only two general partners in Maplewood. There is no indication that any of the other limited partners objected to the substitution of plaintiff and defendant in place of E & J. By distributing E & J's interest in Maplewood equally, neither plaintiff nor defendant acquired a disproportionate amount of control over the partnership.

Second, defendant contends that equity demands that plaintiff should not receive an additional interest in Maplewood because of his misconduct in other business ventures. The defendant's allegation of wrongdoing stems from a criminal plea agreement that Woloohojian Realty Corporation (Realty) made in 2000. In that agreement, Realty pleaded guilty to three counts of obtaining money under false pretenses. Realty was a partnership owned and operated by plaintiff and defendant. Therefore, any finding of wrongdoing based on the plea agreement may be attributed to plaintiff *and* defendant. For those reasons, we perceive no error in the hearing justice's distribution of E & J's interest in Maplewood.

The defendant further argues that the hearing justice erred in denying her the opportunity to review tax returns that the receiver filed on behalf of E & J. This argument is without merit. The transcript reveals that, on September 14, 2001, the hearing justice stated: "With regard to the taxes, anybody—a party to this matter has a right to review but has no standing * * * to object to the filing of these taxes

* * *. But you certainly have a right to review it, as you have in the past * * *." Thus, it is clear that the hearing justice appropriately ruled that both plaintiff and defendant have the right to review the tax returns that the receiver prepared and submitted.

The defendant also alleges that the hearing justice erred in refusing to order the closure of an interpleader action that the receiver instituted to resolve third party claims to E & J's assets. It appears from a docket sheet generated from that interpleader action, however, that the action has been closed and the money has been distributed to defendant. Thus, that issue is moot.

Finally, the defendant argues that the hearing justice erroneously denied her request to delay the closing of the receivership so she could challenge certain alleged overcharges, misconduct and violations of fiduciary duties by the receiver. To support her request, the defendant provided an affidavit made by Perri in which she alleged certain collusive acts between the defendant and the receiver. As noted above, however, the hearing justice found no bad faith on the part of the receiver. Closing this receivership was long overdue. Accordingly, the hearing justice properly closed this receivership.

### Conclusion

For the foregoing reasons, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case are to be returned to the Superior Court.

Justice FLANDERS did not participate.