DECISION
Before this Court is the defendants' motion for summary judgment, pursuant to Rule 56(b) of the Rhode Island Superior Court Rules of Civil Procedure, on all of plaintiffs' claims for relief. Plaintiff has asserted a claim for breach of contract, breach of fiduciary duty, and negligence.
 I Facts and Travel
The transaction giving rise to this litigation stems from the purchase and sale of a home located at 224 Third Avenue in Cranston, Rhode Island. The plaintiff, Bukky Olukoga (Olukoga), contacted Carl Swanson, an agent for Real Estate One, Ltd. to express interest in the home. Shortly thereafter, Olukoga began negotiating with Alan Burns (Burns), the builder on the project, to arrange for certain upgrades and progress reports. Inevitably, the upgrades coupled with the accompanying permitting requirements resulted in various delays in completion. Ultimately, Olukoga and Burns were unable to amicably arrive at a final price and payment plan for the home. *Page 2 
As a result of the above-mentioned disputes, Burns notified Olukoga that she was in default of the mortgage contingency clause of the P S agreement, thereby rendering the contract null and void. Olukoga thereafter initiated an action seeking a Us pendens and specific performance. Ultimately, a justice of the Superior Court denied these requests and ordered that Burns refund Olukoga's deposit, which amounted to $13,770.
As a result of recently obtained information, plaintiff currently seeks damages from the defendants in this action. In light of the previous judgment, however, the defendants, Real Estate One, Ltd., Nicholas Oneppo, and Carl Swanson, now move for summary judgment under the doctrine otresjudicata.
 II Standard of Review
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v.Burrillville Racing Ass'n, 603 A.2d 317, 320 (R.I. 1992) (citingSteinberg v. State. 427 A.2d 338 (R.I. 1981); Ludwig v. Kowal419 A.2d 297 (R.I. 1980)); Super. Ct. R. Civ. P. Rule 56(c). During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Id, (citing Lennon v. MacGregor, 423 A.2d 820 (R.I. 1980)). Moreover, "the trial justice must look for factual issues, not determine them. The justice's only function is to determine whether there are any issues involving material facts." Id (quoting Steinberg v. State,supra at 340). The court's purpose during the summary judgment procedure is *Page 3 
issue finding, not issue determination. Indus. Nat'l Bank v.Peloso, 397 A.2d 1312, 1313 (R.I. 1979) (citing O'Connor v.McKanna, 359 A.2d 350 (R.I. 1976); Slefkin v. Tarkomian, 238 A.2d 742
(R.I. 1968)). Thus, the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact. Id (citing Rhode Island Hosp. Trust Nat'lBank v. Boiteau, 376 A.2d 323 (R.I. 1977)).
"When an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in the light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment." Id (citing Rhode Island HospitalTrust National Bank v. Boiteau, supra; O'Connor v. McKanna,supra.)
 III Analysis
The doctrine of "res judicata or claim preclusion `relates to the effect of a final judgment between the parties to an action. . . . `"Lennon v. Dacomed Corp., 901 A.2d 582, 590 (R.I. 2006) (quotingE.W. Audet Sons, Inc. v. Firemen's Fund Ins. Co. of Newark, N.J.,635 A.2d 1181, 1186 (R.I. 1994)). Res judicata is an "absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action." ElGabri v.Lekas, 681 A.2d 271, 275 (R.I. 1996) (quoting Gaudreau v. Blasbalg,618 A.2d 1272, 1275 (R.I. 1993)). Furthermore, our Supreme Court has noted that this jurisdiction has adopted "the `transactional' rule governing the preclusive effect of the doctrine of res judicata." Duffy v.Milder, 896 A.2d 27, 35 (R.I. 2006) (quoting DiBattista v. State,808 A.2d 1081, 1086 (R.I. 2002)), in *Page 4 
which "all claims arising from the same transaction or series of transactions which could have properly been raised in a previous litigation are barred from a later action." Id. at 35-36.
"Identity of the parties is an essential element of res judicata because only parties or their privies are bound by a prior adjudication of the claim or cause of action." Warren Freedman, Res Judicata andCollateral Estoppel: Tools for Plaintiffs and Defendants, 12 (1988). This mutuality doctrine requires that the parties in the second suit must be the same or in privity with the parties in the first suit. Id In fact, it is unconstitutional for a court to preclude a party from its day in court where a cause of action was argued and adjudicated in a prior trial in which that party had no notice and did not participate. Id at 12-13.
Section 93 of Restatement of Judgments has approved the mutuality rule giving the following illustrations:
 A and B collide, harming C. C brings an action against A on the ground that A was negligent. In this action it is found that C was guilty of contributory negligence and judgment is given for A. In a subsequent action by C against B, the question as to the contributory negligence of C is not Res Judicata.
 A and B are passengers in a car driven by C which collides with a car driven by D. A brings action against D and obtains judgment on the ground that D was negligent. This finding is not Res Judicata in a subsequent proceeding brought by B against D.
Plaintiffs assert here that there is neither an identity of the parties to the earlier action, nor were the issues presented in this matter litigated in that dispute. As both parties to the instant dispute agree, this jurisdiction has adopted the "transactional rule" *Page 5 
barring subsequent litigation where claims could have been raised in the initial suit. See Mills v. Toselli. 916 A.2d 756, 757 (R.I. 2006). The plaintiffs view differs from that of the defendant in the emphasis that they place on the rules inherent in the doctrine of res judicata. That is, of course, that there must be an identity of the parties, as well as the issues in the initial matter for it to apply. Gadreau v.Blasbalg, 618 A.2d 1272, 1275 (R.I. 1993).
The plaintiff asserts that the defendants named in this action were not identified in the previous litigation and that the doctrine ofres judicata, therefore, does not apply. `Identity of the parties,' under the doctrine of res judicata, means the same parties, appearing in the same capacity, and all in privity with them. See Ruocco v.Logiocco, 134 A. 73, 76 (Conn. 1926). For the defendants to argue here, that res judicata is applicable, they must then show not only that the parties are identical in person, but also that the capacity in which they appear is the same as the previous matter. See Holman v. Santa CruzCounty. 205 P.2d 767, 774 (Cal.App. 1949). Here, the plaintiffs have brought suit against three defendants who were not only un-named in the earlier dispute, but who also have distinctly different connections to the real estate transaction than that of the earlier defendant.
Citing many of the same cases as the defendant, the plaintiff here asks the Court to recognize that the transactional approach cannot be extended to litigants who have not yet had the opportunity to have their day in court. Moreover, as plaintiff aptly points out in her memoranda, the issues sought to be adjudicated in this action have not yet been litigated. The defendants to the instant matter have not had their "full, fair, and adequate opportunity to litigate" this matter on their own behalf. Ferguson et al. v. Marshal *Page 6 Contractors, Inc., 745 A.2d 147 (R.I. 2000). While they seek to avoid such an opportunity to litigate, as well as the liability that may attach as a result, it is clear that the doctrine must be read both ways thereby allowing the plaintiff to assert un-litigated, unidentified claims, against unidentified parties in future actions. See id.
The defendants rely principally on El Gabri v. Lekas as support for their interpretation of the transactional rule. 681 A.2d 271, 277 (R.I. 1996). In ElGabri, the Rhode Island Supreme Court specifically adopted the transactional approach to res judicata for this jurisdiction. In doing so, the Court made clear that the "main purpose of the general rule stated in § 24 is to protect the defendant from being harassed by repetitive actions based on the same claim." Id citing 1 Restatement(Second) Judgments § 26, comment a.
The defendants assert that the "identity of the parties requirement is satisfied where the prior litigation involves the same transaction and was or could have been brought against the parties to that transaction."Def. Memo. In Support of Motion for Summary Judgment, at 4. The defendants, however, fail to cite a case or offer support for this extension of the transactional rule. In fact, the ElGabri case does not take the analysis to this level. It merely points out that the adoption of the transactional approach is supported by the modern and liberal provisions surrounding joinder of claims and counterclaims.ElGabri, 681 A.3d at 276. The ElGabri Court did not mandate that separate claims against separate defendants be joined; rather it encouraged such joinder where appropriate with respect to judicial economy. Of course, while a litigation route best serving the judicial economic goals of the court is favored, the constitutional due process rights of the respective parties cannot be hindered as a result. *Page 7 
It appears that the procedural concerns at the heart of the resjudicata doctrine have always centered on fairness to the defendant, ranging in reasoning from harassment to constitutionally mandated procedural due process. Here, however, the defendants in this action were not made aware of the previous litigation by any form of process. They were not deposed and the plaintiff did not seek discovery from them. In fact, the only claim litigated in the previous suit was a prayer for specific performance by the buyer from the seller of the home at the heart of this matter. The defendants in the instant litigation were not involved in any manner with the first suit and cannot, therefore, assert that res judicata bars the instant dispute.
 Conclusion
Because the defendants have failed to establish that the parties and claims herein were identified in an earlier suit resulting in final judgment they cannot take shelter under the doctrine oi resjudicata. The defendant's motion for summary judgment on these grounds, therefore, is denied.