### Harold F. CHORNEY

v.

### John F. CULLEN, Lee Blais and Robert Carey.

No. 95–694–Appeal.

Supreme Court of Rhode Island.

March 19, 1997.

Scott A. Lutes, Alton Wiley, Providence.

Mark T. Reynolds, Paul V. Reynolds, Providence, Mark H. Burham.

### ORDER

This case came before the court for oral argument March 4, 1997, pursuant to an order that had directed the plaintiff to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and considering the memoranda filed by the parties, we are of the opinion that cause has not been shown and the issues raised by this appeal will be decided at this time.

The plaintiff has appealed from a summary judgment entered in the Superior Court in favor of the defendants. A justice of the Superior Court held as a matter of law that the plaintiff's complaint was barred by the statute of limitations which governs actions for slander. G.L.1956 § 9–1–14 states that an action for slander must be commenced within one year after the words are spoken. It is undisputed that the allegedly defamatory statements were made in January and June of 1991. The complaint was filed on September 25, 1992. The defendants duly raised the affirmative defense of the statute of limitations. Thereafter they filed a motion for summary judgment. In response to the motion for summary judgment, the plaintiff contended that a discovery rule should be applied in order to toll the running of the statute of limitations. However, in his affidavit, the plaintiff merely stated that he had only learned of the slanderous statements within a couple of months prior to September 1992.

A party who seeks to oppose a motion for summary judgment has the burden of submitting competent evidence to support the proposition that a disputed issue of material fact exists and cannot rest on mere conclusions or general statements. *Manning Auto Parts, Inc. v. Souza,* 591 A.2d 34 (R.I.1991). In plaintiff's memorandum submitted to the motion justice, he acknowledged that he could not identify by time, place, and person, the date when he discovered the slanderous

statements. This contention did not carry the plaintiff even to the threshold wherein a discovery rule could be considered. The application of a discovery rule to this strict statute of limitations would require a compelling set of circumstances which have not even been approached by the plaintiff in the case at bar.

This court does not imply by this statement that a discovery rule might or might not be extended to the statute of limitations in respect to slander. We state only that the issue has not even been competently raised in the present case.

For the reasons stated, the plaintiff's appeal is denied and dismissed. The entry of summary judgment is affirmed.