**Raymond M. WEST, Jr. et al.**

v.

**TOWN OF NARRAGANSETT.**

**No. 2003–463–Appeal.**

Supreme Court of Rhode Island.

April 13, 2004.

Raymond West.

Peter Mathieu, Providence.

**O R D E R**

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the questions presented for review should not summarily be decided. The plaintiffs, Raymond West, Jr., and Jean S. West (West or plaintiff), appeal *pro se* from the entry of summary judgment in favor of the defendant, the town of Narragansett (town). The trial justice concluded that plaintiff's suit was not filed within the statute of limitations. No cause having been shown, we proceed to decide the appeal at this time.

Some time in 1997, the town repaved Oak Hill Road, the street where West resides. By letter dated July 7, 1997, West complained to the town that the repaving had created a water runoff problem on his property. Over the next four years, West allegedly made repeated requests to the town to repave and re-grade Oak Hill Road; according to plaintiff, the town failed to remedy the drainage problem.

On June 6, 2001, plaintiff filed this action asserting that the town had negligently allowed Oak Hill Road to be repaved to an improper grade resulting in continuing damage to his property from rain-water runoff. West sought $50,000 in order to reconstruct the affected area so that water no longer drained onto his property. The town moved for summary judgment on the basis that the statute of limitations for plaintiff's claim had expired.

A hearing was held on April 21, 2003. On April 29, 2003, the hearing justice granted the town's motion for summary judgment, ruling that plaintiff's action was barred by the three year statute of limitations for tort claims against municipalities as set forth in General Laws 1956 § 9–1–25. The hearing justice noted that West was aware of the alleged tort for over three years, as evidenced by his first letter to the town dated July 7, 1997, in which he complained about the drainage problem. Judgment was entered on May 9, 2003. West timely appealed.

This Court reviews "the granting of a summary judgment motion on a *de novo* basis, applying the same standards as the motion justice." *Mills v. Toselli,* 819 A.2d 202, 205 (R.I.2003) (per curiam). "Summary judgment is appropriate when, viewing the facts and all reasonable inferences

therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Delta Airlines, Inc. v. Neary,* 785 A.2d 1123, 1126 (R.I.2001). "The parties opposing summary judgment may not 'rely upon mere allegations or denials in their pleadings.'" *Mills,* 819 A.2d at 205 (quoting *Bourg v. Bristol Boat Co.,* 705 A.2d 969, 971 (R.I. 1998)). "Rather, by affidavits or otherwise they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." *Id.*

This civil action is clearly barred by the applicable statute of limitations. Pursuant to § 9–1–25, "in cases involving actions or claims in tort against the state or any political subdivision thereof or any city or town, the action shall be instituted * * * within three (3) years of the accrual of any claim of tort." The failure of a party to institute suit "within the three (3) year period shall constitute a bar to the bringing of the legal action." Section 9–1–25. It is apparent from the plaintiff's complaint and representations to this Court that he is claiming damages based on the alleged negligent conduct of the town in repaving Oak Hill Road in 1997. Therefore, the plaintiff's suit in June 2001 was brought beyond the three year statute of limitations.[1]

The decision of the hearing justice is affirmed, and the plaintiff's appeal is denied and dismissed.

---

1. We note, however, that the facts plead, if proven, may constitute a continuing trespass by the town that would not be barred by the statute of limitations.