Geraldine MILLS, M.D.

v.

Alfred TOSELLI, M.D.

No. 2005–175–Appeal.

Supreme Court of Rhode Island.

Dec. 20, 2006.

Geraldine Mills, pro se, plaintiff.

Ruth DiMeglio, Providence, for defendant.

O R D E R

The plaintiff, Geraldine Mills, M.D. (plaintiff), appeals *pro se* from the Superior Court's grant of summary judgment in favor of the defendant, Alfred Toselli, M.D. (defendant), on the basis that the plaintiff's claims were barred by *res judicata*. This case came before the Supreme Court for oral argument on December 5, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the arguments and memoranda filed by the parties, we conclude that cause has not been shown. For the reasons set forth herein, we affirm the judgment of the Superior Court.

*Mills v. Toselli*, 819 A.2d 202 (R.I.2003) (*Mills I*), gave us occasion to detail the facts underlying plaintiff's present appeal. In that case, plaintiff had filed suit against defendant for slander,[1] pointing to various comments defendant allegedly admitted making at a deposition conducted in May 2000 as part of a Rhode Island Board of Medical Licensure and Discipline proceeding. We affirmed the Superior Court's grant of defendant's motion for summary judgment because plaintiff's slander suit was filed after the corresponding one-year statute of limitations had expired. *Id.* at 207.

Slightly more than one month after our decision in *Mills I*, plaintiff commenced the present suit in the Superior Court, asserting a new claim for "tortious interference of [*sic*] [plaintiff's] livelihood." The plaintiff alleged that defendant "interfered PERSONALLY (not in this case by slander) but by acts which show[ed] intentional and malicious interference with prosepective [*sic*] contractual relations." To support her new claim, plaintiff identified virtually the identical statements defendant allegedly made at the May 2000 deposition that plaintiff claimed formed the basis of her first suit against defendant. Eventually, defendant moved for summary judgment, arguing that the doctrine of *res judicata* barred plaintiff's suit. After a hearing, the motion justice granted defendant's motion. The plaintiff timely appealed.

"This Court reviews the granting of summary judgment *de novo* and applies the same standards as the motion justice." *McGinity v. Pawtucket Mutual Insurance Co.*, 899 A.2d 504, 506 (R.I.2006) (quoting *DeCamp v. Dollar Tree Stores, Inc.*, 875 A.2d 13, 20 (R.I.2005)). We will "affirm

---

1. Contrary to her contention on appeal, plaintiff never asserted a claim for tortious interference in her first suit. As the motion justice in this case explained, the complaint filed in her first action averred exclusively that defendant's slanderous remarks caused injury to her property rights, "thus making that injury part of her damages claim connected to the allegation of slander." Indeed, that first lawsuit was treated solely as an action for words spoken both by this Court and the Superior Court. *See Mills v. Toselli*, 819 A.2d 202, 205–06 (R.I.2003) (applying only the statute of limitations for an action on words spoken pursuant to G.L. 1956 § 9–1–14(a)). Therefore, plaintiff's argument that her present claim for tortious interference somehow survives *Mills I* is without merit.

the judgment only if, after reviewing the evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Tanner v. Town Council of East Greenwich*, 880 A.2d 784, 791 (R.I.2005) (quoting *Roe v. Gelineau*, 794 A.2d 476, 481 (R.I.2002)).

The doctrine of *"res judicata* or claim preclusion 'relates to the effect of a final judgment between the parties to an action * * *.' " *Lennon v. Dacomed Corp.*, 901 A.2d 582, 590 (R.I.2006) (quoting *E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Co. of Newark, New Jersey*, 635 A.2d 1181, 1186 (R.I.1994)). *Res judicata* is an " 'absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action.' " *ElGabri v. Lekas*, 681 A.2d 271, 275 (R.I.1996) (quoting *Gaudreau v. Blasbalg*, 618 A.2d 1272, 1275 (R.I.1993)). We note that this jurisdiction has adopted "the 'transactional' rule governing the preclusive effect of the doctrine of res judicata[,]" *Duffy v. Milder*, 896 A.2d 27, 35 (R.I.2006) (quoting *DiBattista v. State*, 808 A.2d 1081, 1086 (R.I.2002)), in which " 'all claims arising from the same transaction or series of transactions which could have properly been raised in a previous litigation are barred from a later action.' " *Id.* at 35–36.

The motion justice's ruling was entirely sound. Because plaintiff's second suit involved the same parties as the first and because *Mills I* constituted a final judgment involving plaintiff's first action, the only remaining question was whether there was an identity of issues between the two suits. *See ElGabri*, 681 A.2d at 275. Our review reveals that the only meaningful difference between the two complaints is the theory of liability asserted in each. The plaintiff cannot, however, resurrect her action by craftily characterizing defendant's remarks as "acts," or by slyly substituting a slander claim with one for tortious interference. As the motion justice aptly noted, the second suit clearly was prompted by the same "transaction or series of connected transactions" as the first. *See Lennon*, 901 A.2d at 592. As such, plaintiff's second suit was barred by *res judicata.*

Finally, the plaintiff's contention that her suit is not barred because she "could not have known the gravamen of the claim" at the time of her first suit is without merit. Our transactional rule of claim preclusion "extinguish[es] a plaintiff's claim against a defendant even though the plaintiff would be prepared in a second action to present evidence or grounds or theories of the case not presented by the plaintiff in the first action, or to seek remedies or forms of relief not demanded in that action." *ElGabri*, 681 A.2d at 276 (citing Charles Alan Wright, *Law of Federal Courts*, 724 (5th ed. West. 1994)). In other words, the plaintiff's newfound appreciation for the consequences of the defendant's statements cannot save her suit.

Because we hold that *res judicata* bars the plaintiff's claims, we do not reach her other arguments. We remind the plaintiff that, although we are aware of her *pro se* status, Rule 11 of the Superior Court Rules of Civil Procedure makes the " 'relentless, frivolous filing[ ]' " of claims a sanctionable practice. *Cok v. Read*, 770 A.2d 441, 443–44 (R.I.2001).