**Raymond M. WEST, Jr., et al.**

v.

**TOWN OF NARRAGANSETT.**

**No. 2006–235–Appeal.**

Supreme Court of Rhode Island.

June 14, 2007.

Raymond W. West, Jr.

Melody A. Alger, Providence.

**O R D E R**

This case came before the Supreme Court on May 10, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and reviewing the parties' memoranda, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at

this time. We affirm the judgment of the Superior Court.

The plaintiff, Raymond M. West, Jr. (West or plaintiff),[1] who is *pro se,* appeals from the entry of summary judgment in favor of defendant, the Town of Narragansett (town). This is plaintiff's second appearance before this Court. The underlying facts of this case are set forth in *West v. Town of Narragansett,* 857 A.2d 764 (R.I.2004) (mem.). This dispute began in 1997, when the town repaved Oak Hill Road, the street on which West resides. *Id.* at 764. He complained to the town multiple times over the years that the repaving created a water runoff problem on his property. *Id.* In 2001, he filed suit against the town in Superior Court, asserting that the town negligently allowed the road to be repaved to an improper grade, causing the runoff. *Id.* The town was granted summary judgment because the statute of limitations had expired on his suit. *Id.* Conducting *de novo* review, we affirmed the summary judgment and held that the suit was time barred. *Id.* at 764–65.

In 2005, plaintiff filed a second suit in Superior Court, apparently relying on dictum in *West,* in which we noted "that the facts [pled], if proven, may constitute a continuing trespass by the town that would not be barred by the statute of limitations." *West,* 857 A.2d at 765 n. 1. However, West failed to plead continuing trespass or to raise any new allegations about water runoff; rather, plaintiff's second suit was virtually identical to his 2001 complaint.

The town filed a motion to dismiss, which was denied by the trial justice, who, citing our footnote in *West,* ruled that the statute of limitations and the doctrine of *res judicata* would not apply if plaintiff could demonstrate a continuing violation. The trial justice advised plaintiff to obtain counsel, and the parties engaged in discovery, including plaintiff's deposition and documentary evidence.

The town then moved for summary judgment, alleging that the statute of limitations had run and referring to plaintiff's deposition testimony, in which he acknowledged that the present case rested on the allegations raised in the previous action. The town also pointed to the fact that, even if plaintiff had a case for continuing trespass or nuisance, he had not amended his complaint to add these assertions. Additionally, plaintiff failed to file a notice of claim for the 2005 complaint, as required by G.L. 1956 § 9–1–25;[2] he relied instead upon the notice filed for the prior suit. Finally, the town argued that plaintiff's deposition testimony clearly established that he could not succeed on an argument of continuing trespass or nuisance as a matter of law because he admitted that although the water overflow creates irritating puddles, it does not interfere with his use or enjoyment of the property.

The plaintiff responded in a one-page memorandum, requesting a trial and asserting that the town was trying to "hijack" his case with "esoteric legal remed[ies]." After a hearing, the trial justice granted the town's motion for a sum-

---

1. West's wife, Jean S. West, was also a party in the 2004 appeal. However, since she did not pay an appellate filing fee, she is not properly a plaintiff in the present appeal. *See Riley v. Stone,* 900 A.2d 1087, 1089–90 n. 1 (R.I.2006).

2. General Laws 1956 § 9–1–25, entitled "Time for bringing suit against state, political subdivision, city, or town" states in pertinent part:
   "Failure to institute suit within the three (3) year period shall constitute a bar to the bringing of the legal action."

mary judgment, and plaintiff filed this appeal.

We note that plaintiff failed to file a transcript of the Superior Court record in this case. This Court has long held that it is "risky business" for a party to appeal without providing the Court with a transcript of the Superior Court proceedings. *See, e.g., Lavoie v. North East Knitting, Inc.,* 918 A.2d 225, 228 (R.I.2007); *Sentas v. Sentas,* 911 A.2d 266, 270 (R.I.2006); *731 Airport Associates, LP v. H & M Realty Associates, LLC, ex rel. Leef,* 799 A.2d 279, 282 (R.I.2002). "Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct, the appeal must fail." *Sentas,* 911 A.2d at 270 (quoting *731 Airport Associates, LP,* 799 A.2d at 282). The plaintiff's status as a *pro se* litigant does not excuse him from complying with the Court rules. *Id.* at 271. As we stated in *Sentas,* a *pro se* litigant is expected to know the law and rules of procedure. *Id.* Nevertheless, because we review motions for summary judgment on a *de novo* basis, the failure to provide a transcript is not automatically fatal to a plaintiff's case. *Lavoie,* 918 A.2d at 228.

However, the record before us is bereft of any affidavits, transcripts, or other documentary evidence supporting the plaintiff's apparent argument of a continuing trespass. Because the plaintiff has not pointed to any issues of material fact, we determine that summary judgment was proper in this case. West did not allege a continuing trespass or raise any new issues about recent water runoff; rather he simply filed an identical suit to the 2001 action.[3] We are well satisfied that, based on our *de novo* review of the record in this case, summary judgment was entirely appropriate.

For the reasons stated in this order, the plaintiff's appeal is denied and dismissed. The order of the Superior Court is affirmed, and the papers in this case are to be remanded to the Superior Court.

---

**3.** Even if plaintiff's complaint could somehow be read as alleging a continuing trespass or nuisance, summary judgment would still be proper, because he has not shown any harm or interference with the enjoyment of his property. *See, e.g., Weida v. Ferry,* 493 A.2d 824, 826 (R.I.1985) (citing *Wood v. Picillo,* 443 A.2d 1244, 1247 (R.I.1982)) ("the essential element of an action or nuisance is that the plaintiffs have suffered harm"); *Santilli v. Morelli,* 102 R.I. 333, 338, 230 A.2d 860, 863 (1967) (" 'continuing trespass wrongfully interferes with the legal rights of the owner' ").