January 27, 2021

**Supreme Court**

No. 2018-219-Appeal.
(PC 16-3438)

Reney A. Mondoux et al.　　　　:

v.　　　　　　　:

Peter A. Vanghel.　　　　　　:

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Reney A. Mondoux et al.      :

v.      :

Peter A. Vanghel.      :

Present:  Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiffs, Reney A. Mondoux and Joseph N. Mondoux, Jr., appeal following a May 8, 2018 final judgment of the Superior Court, granting summary judgment in favor of the defendant, Peter A. Vanghel.  The plaintiffs contend before this Court that the trial justice erred in determining that their claim for breach of the implied warranty of habitability was time-barred pursuant to this Court's holding in *Nichols v. R.R. Beaufort & Associates, Inc.*, 727 A.2d 174 (R.I. 1999).  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

The following facts, concerning which there is no material dispute, are taken from the parties' briefs before this Court, defendant's memorandum of law in

- 1 -

support of his motion for summary judgment, plaintiffs' memorandum in opposition thereto, and other documents in the record.

On December 24, 1997, plaintiffs purchased a house from defendant; that house is located on a waterfront parcel alongside a lake in Glocester, Rhode Island. According to plaintiffs, defendant represented that he was a licensed builder and that he had initially constructed the house for himself and his wife, but that he was instead selling it as the builder-vendor.

At the time plaintiffs purchased the house in question, construction had been substantially completed, and the only remaining tasks to be completed were staining the deck and acquiring a refrigerator. Moreover, no real estate broker had been engaged by either party to the transaction. The plaintiffs received a warranty deed from defendant on December 24, 1997.

In the Fall of 2012, plaintiffs discovered interior water damage on the lakeside-facing wall of the house, which damage they believed had been caused by a recent hurricane. Specifically, plaintiffs noticed "rotting" above a French door. Subsequently, plaintiffs filed a claim with their homeowners insurance company with respect to the damage. According to plaintiffs, on July 25, 2013, Robert L. Smith of C & L Builders, Inc., examined the lakeside-facing wall of the house. After removing the clapboards and some sheathing on the side of the house that faced the lake, Mr. Smith discovered extensive water damage.

Mr. Smith opined that the damage was due to defendant's improper workmanship and to his use of improper materials. Mr. Smith opined that defendant had failed to use a "waterproof underlayment" in the affected area and that he had not "wrapped" the sliding glass door and windows so as to prevent water from entering the infrastructure of the house. According to plaintiffs, Mr. Smith informed them that defendant's failure to have used proper materials caused all the plywood in the affected area to rot and that it would be necessary to replace the entire lakeside-facing wall of the house.

On July 21, 2016, plaintiffs filed a complaint against defendant in Superior Court. Thereafter, on August 11, 2016, they filed an amended complaint alleging breach of contract (Count One); breach of warranty (Count Two); breach of the implied warranty of habitability (Count Three); negligence (Count Four); breach of the implied covenant of good faith and fair dealing (Count Five); fraud in the inducement (Count Six); and negligent misrepresentation (Count Seven).

The defendant filed his answer to the amended complaint on August 31, 2016. Thereafter, on January 24, 2018, he filed a motion for summary judgment. The defendant asserted that plaintiffs' contract claim was barred by the statute of frauds and the doctrine of merger by deed; he further asserted that the claims sounding in tort were barred by the statute of repose. General Laws 1956 § 9-1-

29.[1] Similarly, defendant contended that plaintiffs' claims for breach of warranty and breach of the implied warranty of habitability were also time-barred pursuant to this Court's holding in *Nichols*. *Nichols*, 727 A.2d at 174.

In response, plaintiffs countered that Counts One through Seven all sounded in contract and that, accordingly, § 9-1-13—the general statute of limitations for

---

[1]    General Laws 1956 § 9-1-29 is entitled "Constructors of improvements to real property—Immunity from liability" and provides in pertinent part as follows:

> "No action (including arbitration proceedings) in tort to recover damages shall be brought against any architect or professional engineer who designed, planned, or supervised to any extent the construction of improvements to real property, or against any contractor or subcontractor who constructed the improvements to real property * * * on account of any deficiency in the design, planning, supervision, or observation of construction or construction of any such improvements or in the materials furnished for the improvements:
>
>     "(1) For injury to property, real or personal, arising out of any such deficiency;
>
>     "(2) For injury to the person or for wrongful death arising out of any such deficiency; or
>
>     "(3) For contribution or indemnity for damages sustained on account of any injury mentioned in subdivisions (1) and (2) hereof more than ten (10) years after substantial completion of such an improvement * * *."

- 4 -

civil actions—applied.[2]  In addition, plaintiffs argued that, with respect to claims involving improvements to real property, § 9-1-13 "begins to run when the evidence of injury to property * * * is sufficiently significant to alert the injured party to the possibility of defect." (Internal quotation marks omitted.)  As a result, plaintiffs contended that the statute of limitations did not begin to accrue until July of 2013, when Mr. Smith alerted them to the injury.

On April 25, 2018, a hearing was held before a justice of the Superior Court on defendant's motion for summary judgment.  The hearing justice determined that plaintiffs' tort claims (Counts Four through Seven) were barred by the statute of repose.  The hearing justice also found that this Court's holding in *Nichols* barred the plaintiffs' claim based on the implied warranty of habitability (Count Three). The hearing justice granted summary judgment in favor of defendant on all counts in plaintiffs' amended complaint. The plaintiffs timely appealed to this Court, challenging only the grant of summary judgment as regards their claims as to breach of contract, breach of express warranty, and breach of the implied warranty of habitability (Counts One through Three).  *See Mondoux v. Vanghel*, 216 A.3d 597, 597 (R.I. 2019) (mem.).

---

[2]     General Laws 1956 § 9-1-13(a) provides that "[e]xcept as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after."

On September 26, 2019, the case came before this Court pursuant to an order directing the parties to appear and show cause as to why the issues raised should not be summarily decided. *Id.* After hearing oral argument, this Court affirmed the judgment of the Superior Court with respect to plaintiffs' breach of contract and express warranty arguments (Counts One and Two). *Id.* However, with respect to plaintiffs' claim for breach of the implied warranty of habitability (Count Three) and the issue of whether or not the holding in *Nichols* applied to this case, this Court was of the opinion that cause had been shown. *Id.* Accordingly, we assigned that remaining issue to the full argument calendar and directed the parties "to address whether the ten-year limitation on claims for breach of implied warranties, as set forth for subsequent purchasers in *Nichols*, should act as a bar to the plaintiffs' claim in this case." *Id.*

## II

### Standard of Review

We review "a hearing justice's grant of a motion for summary judgment *de novo*." *CFS 915, LLC v. Unetixs Vascular, Inc.*, 226 A.3d 1058, 1060-61 (R.I. 2020) (internal quotation marks omitted). In deciding whether summary judgment was appropriate, we apply the same standard as the hearing justice and, therefore, we "must determine whether 'no genuine issue of material fact exists and [if] the moving party is entitled to judgment as a matter of law.'" *Id.* at 1061 (quoting

*Cancel v. City of Providence*, 187 A.3d 347, 350 (R.I. 2018)).  When making this determination "[w]e view the evidence in the light most favorable to the nonmoving party."  *Id.* (quoting *Narragansett Indian Tribe v. State*, 81 A.3d 1106, 1109 (R.I. 2014)).  "[O]nce the moving party establishes the absence of a material factual issue, the party opposing the motion has an affirmative duty to establish either by affidavit or by other means the material issue of fact to be decided."  *Id.* (quoting *Mello v. Killeavy*, 205 A.3d 454, 459 (R.I. 2019)).

### III

### Analysis

Because this case involves multiple statutes of limitation and a tolling theory, we will begin by providing a brief overview of each applicable statute of limitations and the argument as to the tolling that is at issue.

Section 9-1-29, known as the tort statute of repose, generally bars any tort action against any contractor, subcontractor, or materials supplier "on account of any deficiency in the design, planning, supervision, or observation of construction" upon the expiration of a period of ten years after substantial completion of the improvement.

Similarly, § 9-1-13(a), the general civil statute of limitations, bars "all civil actions [that are not] commenced within ten (10) years next *after the cause of action shall accrue * * *.*"  (Emphasis added.)

In certain instances, this Court has applied the so-called "discovery rule" to toll a statute of limitations; however, this Court has done so only "[i]n some narrowly circumscribed factual situations * * * when the fact of the injury is unknown to the plaintiff when it occurs * * *." *Polanco v. Lombardi*, 231 A.3d 139, 146 (R.I. 2020) (quoting *Mills v. Toselli*, 819 A.2d 202, 205 (R.I. 2003)). In such a scenario, the "statute of limitations will be tolled and will not begin to run until, in the exercise of reasonable diligence, the plaintiff should have discovered the injury or some injury-causing wrongful conduct." *Id.* (quoting *Mills*, 819 A.2d at 205).

## A

### The Contentions of the Parties

The plaintiffs contend that the principles set forth in this Court's decision in *Nichols* should not act as a bar to their claim for breach of the implied warranty of habitability. The plaintiffs contend that, in *Nichols*, this Court expressly held that § 9-1-29 serves as a bar only to untimely tort claims and that § 9-1-13 applies to claims of contract-based breach of implied warranty. Additionally, plaintiffs claim that *Nichols* clearly supports the argument that the discovery rule is applicable to their claim of contract-based breach of implied warranty. Based on their interpretation of *Nichols* and the discovery rule, plaintiffs contend that the statute of limitations did not accrue until Mr. Smith alerted them to the defect in July of

2013. Finally, plaintiffs aver that this Court in *Nichols* imposed a ten-year limitation on claims for breach of the implied warranty of habitability, but that such a limitation did not apply to claims against the original builder—only to sales between parties other than the original builder. The plaintiffs contend that, because they are the original purchasers, the ten-year limitation does not apply; in other words, plaintiffs posit that they enjoy an actionable claim for breach of the implied warranty of habitability in spite of the fact that fifteen years of uneventful home ownership had passed before they became aware of the alleged construction defect.

Conversely, defendant contends that the ten-year limitation set forth in *Nichols* should act as a bar to plaintiffs' claim. The defendant proffers that drawing a distinction between original homeowners and subsequent homeowners would eliminate the protection the Legislature sought to provide to builders when it enacted the statute of repose contained in § 9-1-29.

## B

### Discussion

We begin by noting that our caselaw with respect to claims for breach of the implied warranty of habitability is somewhat fog-shrouded and that, in our estimation, neither *Nichols* nor § 9-1-29 is directly controlling in this case. *Nichols*, which dealt specifically with subsequent owners, stated that § 9-1-13

applies to claims for breach of the implied warranty of habitability. *Nichols*, 727 A.2d at 175, 180 n.5. However, after due reflection, we have concluded that the instant case and others like it should be controlled by the underlying public policy reflected in both the just-cited statute and the *Nichols* opinion—*viz.*, that exposure to potential liability must come to an end at some definite point in time lest such exposure be indefinite. *See Gunn v. Union Railroad Co.*, 27 R.I. 320, 337, 62 A. 118, 125 (1905) (quoting the ancient maxim, "[*i*]*nterest reipublicae ut sit finis litium*" (It is in the interest of the republic that there be an end to litigation.)). In accordance with that sound jurisprudential principle, we hold that a period of ten years after substantial completion of improvement to real property constitutes a reasonable period of time within which to discover any latent defects within the house, such that the homeowner may maintain a cause of action for breach of implied warranty.

In *Nichols*, this Court abolished the privity requirement between contractors and *subsequent* homeowners, reasoning that "[t]o require privity between the contractor and the home owner * * * would defeat the purpose of the implied warranty of good workmanship and could leave innocent homeowners without a remedy * * *." *Nichols*, 727 A.2d at 179 (quoting *Lempke v. Dagenais*, 547 A.2d 290, 294 (N.H. 1988)). We noted that "[t]he essence of implied warranty is to protect innocent buyers" and that such a "principle, which protects first purchasers

* * * is equally applicable to subsequent purchasers." *Id.* (quoting *Lempke*, 547 A.2d at 294). Importantly, we determined that there was no reason for an original owner to have the benefit of an implied warranty of habitability while "the next owner should not [have that benefit] simply because there ha[d] been a transfer." *Id.* (internal quotation marks omitted). Accordingly, the thrust of our decision in *Nichols* was to provide the same benefits to both subsequent and original homeowners.

In abolishing the privity requirement in that context, "we recognize[d] that some limitations must be imposed on the scope of this otherwise potentially unlimited liability." *Id.* at 181. In order to "avoid exposing builders, architects, engineers, and other home contractors" to potential unlimited liability, we restricted "the coverage of the implied warranties of habitability and of workmanlike quality to those latent defects that *subsequent owners* discover[ed] *within a reasonable period of time*" after substantial completion of the improvements. *Id.* at 181-82 (emphasis added). Guided by the tort statute of repose provided in § 9-1-29, we deemed that a period of ten years after substantial completion was "a reasonable period of time * * * to discover any latent defects in the home" and, within three years, file a complaint alleging breach of the implied warranty. *Id.* at 182.

In the instant case, we similarly see no reason to distinguish between original homeowners and subsequent homeowners with respect to how long a claim for breach of the implied warranty of habitability remains actionable. Certainly, providing original homeowners with the added benefit of a claim for breach of the implied warranty that potentially extends in perpetuity would be inconsistent with the public policy underlying our decision in *Nichols*— specifically, that builders should not be forced "to act as an insurer, in all respects" after building a house, and that there must be some "barrier to the possibility of unlimited liability." *Id.* at 181.

This Court has quoted with approval the United States Supreme Court's statement that "[s]tatutes of limitation * * * are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944) (quoted with approval in *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 181 (R.I. 2008)). Moreover, we have noted that such statutes "are the product of a balancing of the individual person's right to seek redress for past grievances against the need of society and the judicial system for finality—for a closing of the books." *Ryan*, 941 A.2d at 181; *see generally*

Charles C. Callahan, *Statutes of Limitation—Background*, 16 Ohio St. L.J. 130 (1955).

We believe that our decision in *Nichols* strikes the appropriate balance, and we extend our holding in *Nichols* to apply to original homeowners. Therefore, we hold that any homeowner has a period of ten years following substantial completion of improvement to real property to discover a latent defect. A claim for breach of implied warranty will be considered timely if the homeowner files suit "within three years of the date when they discover any latent defects or within three years of the date when, in the exercise of due diligence, they should have discovered such defects." *Nichols*, 727 A.2d at 182.

Our decision today not only clarifies our jurisprudence with regard to claims for breach of implied warranty by eliminating any distinction between original homeowners and subsequent homeowners, but it also supports the sound public policy articulated in *Nichols*. We recognize that our holding today represents an extension of the existing law in this domain; however, we are persuaded that "[p]ublic policy has compelled [such] a change," and we are convinced of "the soundness of this extension." *Id*. at 181 (quoting *Lempke*, 547 A.2d at 295); *see Frazier v. Liberty Mutual Insurance Co.*, 229 A.3d 56, 60 (R.I. 2020).[3]

---

[3] Because we hold that the ten-year limitation set forth in *Nichols v. R.R. Beaufort & Associates, Inc.*, 727 A.2d 174 (R.I. 1999), is equally applicable here, we need not, and therefore do not, reach the discovery rule issue. *See Grady v.*

## C

## The Plaintiffs' Claim of Breach of the Implied Warranty of Habitability

The plaintiffs, having purchased their house after substantial completion in 1997, had until 2007 to discover a latent defect within their house. However, they did not discover the latent defect at issue until July of 2013. As such, in view of our holding that ten years should be the maximal time for such a discovery to be reasonable, the plaintiffs' claim for breach of the implied warranty of habitability is time-barred.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record shall be remanded to that tribunal.

Justice Lynch Prata and Justice Long did not participate.

Justice Flaherty participated in the decision but retired before its publication.

---

*Narragansett Electric Co.*, 962 A.2d 34, 42 n.4 (R.I. 2009) (noting "our usual policy of not opining with respect to issues about which we need not opine").



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Reney A. Mondoux et al. v. Peter A. Vanghel. |
| **Case Number** | No. 2018-219-Appeal.<br>(PC 16-3438) |
| **Date Opinion Filed** | January 27, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Bennett R. Gallo |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Karen Auclair Oliveira, Esq.<br><br>For Defendant:<br><br>Steven T. Hayes, Esq.<br>Donna M. Lamontagne, Esq. |