**SUPREME BAKERY, INC.**

v.

**Richard J. BAGLEY et al.**

**No. 98–355–Appeal.**

Supreme Court of Rhode Island.

Jan. 10, 2000.

Patricia A. Buckley, C. Russell Bengtson, Providence, For Plaintiff.

William E. Carnes, Pawtucket, Joseph A. Montalbano, Providence, For Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on December 8, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Supreme Bakery, Inc. (Supreme), appeals from a judgment entered in favor of the defendants, Richard J. and Elise A. Bagley (defendants or Bagleys), in which a trial justice held that the statute of limitations barred Supreme's action. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

On January 12, 1988, Supreme filed an action against Richard Bagley to collect a sum due on a promissory note. Supreme obtained a judgment to collect the promissory note against Richard Bagley in the amount of $25,000 on December 29, 1992. After execution issued on February 9, 1993, it was returned unsatisfied on February 23, 1993. Apparently, at this time, Supreme learned of a transfer of real property that defendants had made on January 29, 1988. On March 16, 1993, Supreme filed a complaint to set aside and void a conveyance made by defendants, claiming that defendants fraudulently conveyed real property, namely their home residence, to themselves as tenants by the entirety in order to defraud plaintiff as a judgment creditor in the prior action against Richard Bagley. The defendants filed an answer, denying any fraud in the conveyance and raising the statute of limitations as a defense.

At a bench trial, Paul Bordieri (Bordieri), Richard Bagley's former attorney, who represented him in the promissory note action and was the only witness at trial, testified. Bordieri stated that he first met with the Bagleys in late December 1987 to discuss several matters, including the benefits of owning their residence as tenants by the entirety. At the time of that initial meeting, Bordieri testified, he possessed no knowledge of Supreme's efforts to collect its debt from Richard Bagley. Bordieri explained that since the Bagleys did not have the necessary information with them, he could not prepare the deed to transfer the property at that meeting, but later prepared the deed on January 29, 1988. Bordieri further testified that no discussion took place between himself and Richard Bagley about whether executing the deed would help avoid recovery in the promissory note action.

The trial justice issued a bench decision in favor of defendants, finding that the statute of limitations as set forth in G.L. 1956 § 6–16–9(a) barred Supreme's claim and that Supreme did not fall into the discovery exception to that statute. On appeal, Supreme argues that the trial justice overlooked and misconceived evidence in respect to active concealment on the part of defendants. Further, Supreme contends that the mere fact that a fraudulent deed is recorded does not end the inquiry about whether the deed reasonably could have been discovered. The defendants, on the other hand, argue that the trial justice's decision is supported by the law and facts in this case.

When reviewing the findings of a trial justice sitting without a jury, we are mindful that those findings are entitled to great weight, and the determination of mixed questions of law and fact, as well as

the inferences and conclusions drawn from the testimony and evidence, are entitled to the same substantial deference. *Hawkins v. Town of Foster,* 708 A.2d 178, 182 (R.I. 1998). These findings will not be disturbed absent a trial justice's clear error, oversight, or misconception of material evidence. *Nisenzon v. Sadowski,* 689 A.2d 1037, 1042 (R.I.1997).

Under the Uniform Fraudulent Transfer Act, chapter 16 of title 6, a transfer made by a debtor is fraudulent in respect to a creditor if the debtor made the transfer with an actual intent to hinder, delay, or defraud the creditor. Section 6–16–4(a)(1). A cause of action with respect to a fraudulent transfer is barred unless the action is brought within four years after the debtor makes the transfer or, if later, within one year after the creditor discovered or could reasonably have discovered the transfer. Section 6–16–9(a). Although we have not discussed the applicability of the discovery provision in fraudulent conveyance cases under § 6–16–9(a), we have discussed the applicability of similar discovery provisions in other contexts. *See, e.g., Benner v. J.H. Lynch & Sons, Inc.,* 641 A.2d 332 (R.I. 1994) (wrongful death actions); *Anthony v. Abbott Laboratories,* 490 A.2d 43 (R.I. 1985) (actions against drug manufacturers under strict products liability); *Lee v. Morin,* 469 A.2d 358 (R.I.1983) (damage to real property suits); *Romano v. Westinghouse Electric Co.,* 114 R.I. 451, 336 A.2d 555 (1975) (strict liability actions for damages to personal property); *Wilkinson v. Harrington,* 104 R.I. 224, 243 A.2d 745 (1968) (medical malpractice suits). In the context of these other cases, we have noted that the heart of the discovery rule is that the statute of limitations does not begin to run until the plaintiff "discovers, or with reasonable diligence should have discovered, the wrongful conduct of the [debtor]." *Benner,* 641 A.2d at 337 (quoting *Anthony,* 490 A.2d at 46). In the instant case, Supreme, in essence, takes issue with the trial justice's implicit determination that it reasonably could have discovered defendants' transfer of their residence, thereby precluding it from § 6–16–9(a)'s discovery provision.

Almost seventy years ago, in *Tanner v. Whitney,* 52 R.I. 391, 161 A. 122 (1932), the Court voided a conveyance in which a debtor deeded property to his wife and recorded the deed, but misled the creditor into believing the debtor still owned the property. In *Tanner,* the plaintiff employed the defendant as an insurance broker. After working for the plaintiff for a couple of years, the defendant owed the plaintiff about $2,500 in payments on due accounts. When urged to pay his indebtedness, the defendant lied and explained that his inability to pay resulted from slow payments by customers with accounts due to him. Thereafter, the defendant conveyed his interest in his house to his wife and recorded the deed. Despite this transfer of title, the defendant continued to refer to the property as "my house" in conversations with the plaintiff. When the plaintiff learned of the transfer, he filed suit, attached the property, secured a judgment, and filed a complaint to set aside the conveyance of the property.

The Court characterized the *Tanner* defendant's denial of any fraudulent intent in the transfer as "frivolous and unworthy of serious consideration." *Tanner,* 52 R.I. at 393, 161 A. at 123. The Court pointed out that the "validity of the conveyance is to be determined not by the debtor's intention, even if honest, but by the effect on the creditor's right of recovery." *Id.* at 394, 161 A. at 124. Thus, in light of the defendant's misleading conduct, the mere recording of the deed did not place the plaintiff on notice of the fraudulent conveyance.

In the instant case, Supreme claims that, like *Tanner,* the recording of the deed cannot be deemed sufficient notice to alert Supreme to the transfer of the property. Supreme claims that defendants' counsel also misled it by claiming that the Bagleys had no assets with which to pay

the outstanding debt to Supreme. We disagree.

■ As the trial justice correctly noted, the allegedly fraudulent transfer took place on February 1, 1988, the date upon which the Bagleys filed the certified copy of the deed. Although the statute of limitations in fraudulent transfer cases is four years, § 6–16–9(a), Supreme did not file its complaint until more than five years after the transfer. The discovery exception set forth in § 6–16–9(a) did not serve to save Supreme's claim. While the mere filing of the deed alone may not have been enough to alert Supreme to the transfer, our review of the record shows that Supreme had known the address of defendants' residence since the time the original summons was served in January 1988. From that point on, nothing suggested a course of improper conduct designed to conceal the status of defendants' residence from Supreme. Further, Supreme had been alerted at least twice by Bordieri that the Bagleys were contemplating filing for bankruptcy. In light of the potential for bankruptcy on the part of defendants, it would have been no great burden for Supreme to examine what assets were then available to satisfy any outstanding claim. Given these facts, it is clear that the trial justice properly held that the four-year statute of limitations barred Supreme's claim. Moreover, Supreme did not fall within the reach of the discovery exception of § 6–16–9(a) since it could have readily discovered the transfer.

For the reasons stated, Supreme's appeal is denied. The judgment of the Superior Court is affirmed.