

FILED

ORDERED PUBLISHED

MAR 2 2023

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MOMENTUM DEVELOPMENT, LLC,<br><span style="padding-left:3em">Debtor.</span> | BAP No. CC-22-1084-CFL<br><br>Bk. No. 1:18-bk-11538-MT |
| THE PYRAMID CENTER, INC.,<br><span style="padding-left:3em">Appellant,</span><br>v.<br>DIANE C. WEIL, Chapter 7 Trustee,<br><span style="padding-left:3em">Appellee.</span> | Adv. No. 1:19-ap-01129-MT<br><br>**OPINION** |

Appeal from the United States Bankruptcy Court
for the Central District of California
Maureen A. Tighe, Bankruptcy Judge, Presiding

APPEARANCES:
Simon J. Dunstan of Dunstan & Franke argued on behalf of appellant;
Ryan F. Coy of BG Law LLP argued on behalf of appellee.

Before: CORBIT, FARIS, and LAFFERTY, Bankruptcy Judges.

CORBIT, Bankruptcy Judge:

## INTRODUCTION

This case is about whether a bankruptcy trustee may, under California law, claw back property that was fraudulently transferred more than four years but less than seven years prior to the filing of a bankruptcy petition. We agree with the bankruptcy court's ultimate conclusion: the

statute of limitations had not expired. Under *Cortez v. Vogt,* 52 Cal. App. 4th 917, 937 (1997), and its progeny, the statute of limitations on a fraudulent transfer in California begins on the date of the transfer or on the date a judgment is entered against a debtor. We also agree that the Cal. Civ. Code § 3439.09(c) statute of repose does not bar the chapter 7[1] trustee's fraudulent transfer action because the transfer occurred less than seven years before the filing of the bankruptcy petition. *See Rund v. Bank of Am. Corp. (In re EPD Inv. Co.),* 523 B.R. 680, 691-92 (9th Cir. BAP 2015). As a result, the action was timely. We AFFIRM.

## FACTS

The material facts are undisputed. Josef Dolezal was the managing member and an executive officer of two closely held corporations: Momentum Development, LLC ("Momentum") and Pyramid Center, Inc. ("Pyramid"). In 2010, Momentum hired DCA Drilling & Construction ("DCA") to drill a well on Momentum's 200-acre property in San Bernardino County, California (the "Property"). The DCA contract contained a prevailing party attorney fees provision.

Two years later, on October 31, 2012, Momentum transferred the Property to Pyramid for a purchase price of fifty-five cents. On September 19, 2014, despite the title transfer to Pyramid, Momentum sued DCA for breach of contract. Momentum lost at trial, and on May 15, 2018,

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

the state court entered a judgment awarding DCA attorney fees incurred in defending against Momentum's lawsuit.

On June 19, 2018, approximately one month after the judgment was entered, and without satisfying the judgment, Momentum petitioned for bankruptcy relief under chapter 7. On October 25, 2019, chapter 7 trustee Diane C. Weil ("Trustee") filed a complaint against Pyramid alleging the Property transfer was fraudulent and seeking recovery of the Property for the estate. The Trustee's complaint was based on § 544(b) and the California Uniform Voidable Transactions Act ("UVTA"),[2] Cal. Civ. Code § 3439.09.[3]

Prior to trial, Pyramid argued that the Trustee's claims were time-barred. The bankruptcy court disagreed and explained:

> Under Cal. Civ. Code section 3439.09(a), the statute of limitations is four years after the "transfer was made or the obligation was incurred" (or if later, one year from the discovery of the transfer obligation is invoked but here, that analysis is unnecessary).
> . . . .
> If the four year statute started to run on the date of the Transfer, it expired on 10/31/16. However, the statute

---

[2] In 2016, the California legislature changed the name from "Uniform Fraudulent Transfer Act" ("UFTA") to "Uniform Voidable Transactions Act." Stats. 2015, c. 44 (S.B.161).

[3] The Trustee's complaint alleged that the property transfer was avoidable on four legal bases: (i) §§ 544(b) and 550 and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07; (ii) §§ 544(b) and 550 and Cal. Civ. Code §§ 3439.04(a)(2)(A) and 3439.07; (iii) §§ 544(b) and 550 and Cal. Civ. Code §§ 3439.04(a)(2)(B) and 3439.07; and (iv) §§ 544 and 550(a)(1)-(2) and Cal. Civ. Code § 3439.07.

allows for an alternative start date – four years after the obligation was incurred. That is a relevant date on the facts here. Momentum's obligation to DCA was not incurred until the State court entered its judgment in favor of DCA – which was 5/15/18. Using that date as the start date for the four-year cause of action, the action is timely. Momentum and DCA were litigating that very obligation in state court up until 5/15/18. Filing the bankruptcy petition then tolled the statute.

Notice of Tentative Ruling re Pretrial Motions at 2-3 (March 30, 2022).

As additional support, the bankruptcy court cited *Cortez*, 52 Cal. App. 4th at 937, and *Potter v. Alliance United Insurance Co.*, 37 Cal. App. 5th 894, 904 (2019).

The bankruptcy court also concluded that the Trustee's complaint was not barred by the seven-year statute of repose in Cal. Civ. Code § 3439.09(c), because the claim arose less than seven years before Momentum's bankruptcy filing. As support, the court cited *Ezra v. Seror (In re Ezra)*, 537 B.R. 924, 932 (9th Cir. BAP 2015).

The bankruptcy court ultimately found that the Trustee introduced sufficient evidence of Momentum's actual intent to hinder or delay a creditor by transferring the Property, and thus established the elements of Cal. Civ. Code § 3439.04(a)(1). The bankruptcy court also found that sufficient evidence existed that Momentum transferred the Property without receiving reasonably equivalent value, and Momentum reasonably believed or should have believed that it would incur debts beyond its

4

ability to pay, thus satisfying the elements of Cal. Civ. Code § 3439.04(a)(2)(B).

The bankruptcy court's factual findings were not challenged on appeal. Pyramid challenges only the bankruptcy court's conclusion of law that the Trustee's lawsuit was timely.[4]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (H). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by concluding that the Trustee's lawsuit was timely?

## STANDARD OF REVIEW

We review a bankruptcy court's conclusions of law, including its interpretations of provisions of the Bankruptcy Code and state law, de novo. *Hopkins v. Cerchione (In re Cerchione)*, 414 B.R. 540, 545 (9th Cir. BAP 2009). On appeal, this Panel may affirm the bankruptcy court on any ground supported by the record. *Id.*

## DISCUSSION

"Whether a transfer is avoidable under [the California UVTA] is a question of California law for which the California Supreme Court is the final authority." *Kasolas v. Nicholson (In re Fox Ortega Enters., Inc.)*, 631 B.R.

---

[4] The bankruptcy court's legal conclusions related to the statute of limitations are contained in "Notice of Tentative Ruling Re Pretrial Motions Related to Application of

5

425, 441 (Bankr. N.D. Cal. 2021) (citing *Wolkowitz v. Beverly (In re Beverly)*, 374 B.R. 221, 232 (9th Cir. BAP 2007) (whether a transfer is avoidable under California's UVTA "is a question purely of California law"), *aff'd in part, dismissed in part*, 551 F.3d 1092 (9th Cir. 2008)).

## A. Meaning of "obligation incurred" in the California UVTA.

In this case, the Trustee sought to avoid Momentum's 2012 property transfer to Pyramid under Cal. Civ. Code § 3439.04. The California UVTA provides that, under certain circumstances, "[a] transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred[.]" Cal. Civ. Code § 3439.04(a). Claims under this provision must be brought "not later than four years after the transfer was made or the obligation was incurred . . . ." Cal. Civ. Code § 3439.09(a).

Prior to trial, the bankruptcy court concluded that the 2018 entry of the attorney fees judgment against Momentum constituted an "obligation incurred" under Cal. Civ. Code § 3439.09(a) and therefore the statute of limitations began to run in 2018.

Pyramid alleges that the trial court misinterpreted the phrase "obligation incurred" as referring to any obligation of a debtor to a creditor, as opposed to only fraudulently incurred obligations. Pyramid argues that because the 2018 judgment was not an "obligation incurred," within the meaning of the statute, and because no "triggering creditor"

Statute of Limitations and/or Repose," adopted March 30, 2022.

6

existed within four years of the Property transfer, the statute of limitations under Cal. Civ. Code § 3439.09(a) expired.

Although Pyramid's definition of "obligation incurred" is supported by statutory construction and cases from other jurisdictions, the bankruptcy court was nonetheless correct in relying on *Cortez* to conclude that in California, the statute of limitations may commence on the date a judgment is entered against a debtor.[5]

**B.    For a creditor seeking to avoid a fraudulent transfer under California law, the limitations period may commence the date a judgment is entered against a debtor.**

Cal. Civ. Code §§ 3439.09(a) and (b) are statutes of limitation that require a plaintiff to file a fraudulent transfer action within four years of the transfer or, for an intentional fraud, within one year of discovery of the

---

[5] Generally, the provisions of the Uniform Voidable Transactions Act are intended to prevent debtors from intentionally making a fraudulent transfer or incurring fraudulent obligations to defraud creditors. S*ee, e.g.*, *Leibowitz v. Parkway Bank & Tr. Co. (In re Image Worldwide, Ltd.*), 139 F.3d 574 (7th Cir. 1998) (obligation incurred was loan guaranty by debtor to affiliated entity); *McKloskey v. Galva Foundry Co. (In re Art Unlimited, LLC)*, 356 B.R. 700 (Bankr. E.D. Wis. 2006) (obligation incurred was payment for sham consulting services that were never performed), *aff'd*, 2007 WL 2670307 (E.D. Wis. Sept. 6, 2007); *Gaughan v. Cavan (In re Strasser)*, 303 B.R. 841 (Bankr. D. Ariz. 2004) (obligation incurred was debtor's unenforceable promise to repay parents for support); *Off. Comm. Of Unsecured Creditors of Toy King Distribs., Inc. v. Liberty Savs. Bank, FSB (In re Toy King Distribs., Inc.)*, 256 B.R. 1 (Bankr. M.D. Fla. 2000) (obligation incurred was payment of guaranty fees when no guaranty existed). *Cf.* 5 COLLIER ON BANKRUPTCY ¶ 548.03[4][a] (Richard Levin & Henry J. Sommer eds., 16th ed.) ("Examples of [fraudulent obligations under § 548] could be guaranties extracted from the debtor when it was insolvent or otherwise financially strapped, or false or sham obligations taken on for inadequate consideration.").

alleged fraud. In 1997, the California Court of Appeal decided that the Cal. Civ. Code § 3439.09(a) statute of limitations could commence on a date other than the date of the fraudulent transfer. *Cortez*, 52 Cal. App. 4th at 937.[6]

In *Cortez*, during a lengthy employment lawsuit, the defendant employer sold its assets—without transferring its liabilities—to another company, leaving no assets to satisfy the former employee's eventual judgment. In defending the employee's subsequent fraudulent transfer lawsuit, the employer argued that because the assets were sold more than four years before the employee's judgment was entered, the statute of limitations in Cal. Civ. Code § 3439.09(a) had expired. The *Cortez* court disagreed.

*Cortez* reasoned that creditors challenging fraudulent transfers may choose to pursue claims under either the UVTA or California Code of Civil Procedure § 338. *Id.* at 931. A creditor who chooses to sue under the UVTA may—but is not required to—establish the debt and annul a fraudulent transfer in the same lawsuit. *Id.* Alternatively, a creditor may first establish the debt in one lawsuit, and once established, initiate a second lawsuit under the UVTA to avoid the fraudulent transfer. *Id.*[7] Because creditors

---

[6] The California Supreme Court declined to review the Court of Appeal's decision on April 30, 1997.

[7] The *Cortez* court approved of a Minnesota court's reasoning:

Why should the creditor be compelled in every case to commence suit

8

have this choice, the *Cortez* court concluded it would be "inappropriate" to interpret the UVTA limitations period to begin on the date of the fraudulent transfer before the debt is established. *Id.*

The *Cortez* court noted that notwithstanding the UVTA, a creditor may choose to challenge a fraudulent transfer under California Code of Civil Procedure § 338. That statute provides creditors with a three-year statute of limitations from the date a judgment on an underlying debt is entered, or from the date a creditor knew or should have known about the fraudulent transfer. *Id.* at 932.

The *Cortez* court explained that the legislative "policy and purpose" statements accompanying the UVTA demonstrate the statute serves "as a cumulative and additional remedy" to the existing common law remedies for recovering fraudulent transfers. *Id.* at 937. *Cortez* concluded that "'[t]he new act simply adds an efficient, optional, and additional remedy to a creditor who has not reduced his claim to judgment,' and that the objective of the act 'is to enhance and not to impair the remedies of the creditor.'" *Id.* (quoting *Lind*, 282 N.W. 661, 666 (Minn. 1938)).

---

against the grantee to set aside a transfer under penalty of having the statute of limitations run until he is certain of being one in fact? Often the asserted claim against the principal obligor might well be uncertain, and even speculative, or at least one in which the amount of recovery is very uncertain.

52 Cal. App. 4th at 936 (quoting *Lind v. O.N. Johnson Co.*, 282 N.W. 661, 668 (Minn. 1938)).

As a result, the *Cortez* court sought to harmonize the limitation periods provided by each of the two pathways for creditors and found that Cal. Civ. Code § 3439.09(a) accommodates a tolling until a judgment on the underlying debt is entered:

> [W]here an alleged fraudulent transfer occurs while an action seeking to establish the underlying liability is pending, and where a judgment establishing the liability later becomes final, we construe the four-year limitation period, i.e., the language, "four years after the transfer was made or the obligation was incurred," to accommodate a tolling until the underlying liability becomes fixed by a final judgment.

*Id.* at 920.[8] Two decades later, the California courts continued to follow *Cortez. See Potter*, 37 Cal. App. 5th at 906 ("Following *Cortez*, the UVTA filing deadlines did not begin to run until judgment was entered in the underlying action.").

Pyramid argues the statutory language of Cal. Civ. Code § 3439.09(a) requires a conclusion contrary to *Cortez*, and other states would agree.[9]

---

[8] Here, California law must be applied, even though the *Cortez* opinion has been criticized by scholars and by courts in other jurisdictions. *See, e.g.,* David Gray Carlson, *Fraudulent Transfers: Void and Voidable*, 29 Am. Bankr. Inst. L. Rev. 1, 19 (2021); *Moore v. Browning*, 50 P.3d 852, 860 (Ariz. Ct. App. 2002) (*Cortez* court "erred in ruling that the statute of repose period in UFTA is tolled until the creditor obtains a judgment"); *K–B Bldg. Co. v. Sheesley Constr., Inc.*, 833 A.2d 1132, 1136 (Pa. Super. Ct. 2003) ("*Cortez* has been roundly criticized and is against the weight of authority in this area.").

[9] *See, e.g., Moore*, 50 P.3d 852, 858 (Arizona UFTA actions are not subject to tolling); *Levy v. Markal Sales Corp.*, 724 N.E. 2d 1008, 1014 (Ill. App. Ct. 2000) (four-year Illinois UFTA limitation period commences on date transfer is made, not on the date judgment is entered); *First Sw. Fin. Servs. v. Pulliam*, 912 P.2d 828, 830 (N.M. Ct. App. 1996) (New Mexico UFTA limitation commences on date of transfer); *Supreme Bakery,*

However, as noted above, whether a transfer is avoidable under California's UVTA is a question of California law, and California courts are the final authority on this issue.[10] *See In re Fox Ortega Enters., Inc.,* 631 B.R. at 441.

In this case, Momentum transferred the Property in 2012 and two years later initiated a lawsuit that established its underlying liability to creditor DCA. Under *Cortez*, Cal. Civ. Code § 3439.09(a) accommodated a "tolling" during Momentum's lawsuit, until Momentum's underlying liability became fixed by final judgment in 2018.

## C.   *Cortez* is not limited to fraudulent transfers made and obligations incurred during a pending lawsuit.

Pyramid also argues that *Cortez* is not applicable because the holding of that case is limited to fraudulent transfers that occur during pending litigation. The same argument was rejected by the California appellate court in *Macedo v. Bosio*, 86 Cal. App. 4th 1044, 1051 n.6 (2001). The *Macedo* court acknowledged that the language of the *Cortez* conclusion would support the narrow interpretation, but the case as a whole indicates *Cortez* applies more broadly:

> [A]ll of the analysis preceding that phraseology points to the conclusion that a completely cumulative remedy for a fraudulent transfer exists above and beyond that provided by

*Inc. v. Bagley,* 742 A.2d 1202, 1205 (R.I. 2000) (Rhode Island's UFTA's four-year provision runs from date of transfer); *SASCO 1997 NI, LLC v. Zudkewich,* 767 A.2d 469, 474 (N.J. 2001) (New Jersey's four-year UFTA provision runs from the date of transfer).

[10] As noted *supra*, the California Supreme Court denied review of *Cortez*.

the [UVTA], and that the statute of limitations governing such a remedy is [California Code of Civil Procedure] section 338(d). Nothing in that analysis provides a basis for *limiting* that cumulative remedy to those cases in which the fraudulent transfer occurs during the pendency of a lawsuit intended to determine a creditor-debtor relationship.[11]

*Id.* Because the California courts have rejected the argument that *Cortez* applies only to fraudulent transfers made during pending litigation with a creditor, we must reject Pyramid's argument. As a result, the holding in *Cortez* applies to this case.

## D. California's UVTA statute of repose had not expired.

Finally, Pyramid argues that starting the limitations period on the entry of a judgment could lead to absurd results. Specifically, Pyramid argues that "a fraudulent transfer could occur on year one and a creditor's claim could arise in year 30." However, Pyramid ignores California's UVTA statute of repose: "Notwithstanding any other provision of law, a cause of action with respect to a fraudulent transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred." Cal. Civ. Code § 3439.09(c).

This seven-year limitation is "clearly meant to provide an overarching, all-embracing maximum time period to attack a fraudulent

---

[11] *Macedo* was decided in 2001, before the California Legislature changed the short name in 2016 to "Uniform Voidable Transactions Act." *See supra*, n.2.

transfer . . . ."[12] *PGA W. Residential Ass'n v. Hulven Int'l, Inc.*, 14 Cal. App. 5th 156, 183 (2017) (quoting *Macedo*, 86 Cal. App. 4th at 1051 n.4). Because a statute of repose is not subject to tolling, any action brought more than seven years after a fraudulent transfer is barred. *Id.* at 180-81; *see also Macedo*, 86 Cal. App. 4th at 1051 n.4 (rejecting argument that fraudulent transfer action could be filed "scores of years after the transfer" based on Cal. Civ. Code § 3439.09(c)).

Once a debtor files a petition for bankruptcy, the trustee has two years from the petition date to file a fraudulent transfer action, notwithstanding California's UVTA statute of repose. *In re EPD Inv. Co.*, 523 B.R. at 691-92. In that case, we concluded that Cal. Civ. Code § 3439.09(c) "frustrates Congress' intent in § 546 and collides with federal bankruptcy law." *Id.* Because no substantial countervailing state interest outweighed Congress' goal of maximizing the bankruptcy estate for the benefit of creditors, we concluded "the state law must yield" under the Supremacy Clause. *Id.* at 692. In sum:

> [S]o long as a state-law fraudulent transfer claim exists on the petition date . . . i.e., the state's applicable repose period governing the action has not yet expired on the petition date . . . , the trustee may bring the avoidance action under § 544(b), provided it is filed within the limitations period in § 546(a). The

[12] Other states, including Arizona, do not have the "overarching" seven-year limitation that exists in the California UVTA. Nevertheless, Arizona does not have the "year 30" problem because its statute of limitations runs from the date of the fraudulent transfer or obligation. California does not have a "year 30" problem because of the "overarching" seven-year limitation in Cal. Civ. Code § 3439.09(c).

"reach back" period is established on the petition date . . . and encompasses all transfers within the relevant period provided by state law.

*Id.* In this case, Momentum fraudulently transferred the Property in 2012. Subsequently, Momentum initiated a lawsuit, and a judgment was entered against it in 2018. Momentum petitioned for bankruptcy in 2018, less than seven years after the transfer. The Trustee filed the fraudulent transfer lawsuit within two years, thus satisfying § 546.

## CONCLUSION

When *Cortez*, *Macedo*, and *EPD Investment* are read together with the California UVTA and the Bankruptcy Code, a bankruptcy trustee has two years from the commencement of the bankruptcy case to file an action to avoid a fraudulent transfer pursuant California law provided that: (1) either the fraudulent transfer occurred within four years of the bankruptcy petition, or a judgment creating a creditor was entered within four years of the bankruptcy petition; and (2) the fraudulent conveyance occurred no more than seven years before the bankruptcy petition.

In this case, a creditor had a viable claim for fraudulent transfer of the Property on May 15, 2018, the date the judgment was entered against Momentum for attorney fees. The Trustee's action was filed on October 25, 2019, and thus was timely. Additionally, because less than seven years elapsed between the fraudulent transfer and Momentum's petition for

14

bankruptcy, the statute of repose did not extinguish the Trustee's claims.

Based on the foregoing, we AFFIRM.