June 21, 2023

Anne Capaldi                  :

v.                            :

Steven Capaldi.               :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Anne Capaldi            :

v.                 :

Steven Capaldi.        :

Present:  Suttell, C.J., Goldberg, Robinson, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**  This appeal concerns the long-ago divorce of

the plaintiff, Anne Farrer (Anne),[1] and her former husband, Steven Capaldi (Steven),

the defendant.[2]  Steven challenges the trial justice's decision to reopen the case and

award a portion of his pension to Anne more than two decades after the Family Court

finalized their divorce.  This case came before the Supreme Court pursuant to an

order directing the parties to appear and show cause why the issues raised in this

appeal should not be summarily decided.  After considering the parties' written and

oral submissions and reviewing the record, we conclude that cause has not been

---

[1] At the time of the parties' divorce in 1992, the trial justice decreed Anne Capaldi could resume her maiden name Anne Farrer.

[2] Throughout this opinion we refer to the parties by their first names for the purpose of clarity.  This Court intends no disrespect to the parties.

- 1 -

shown and that we may decide this appeal without further briefing or argument. For the reasons set forth in this opinion, we vacate the orders of the Family Court that award Anne a portion of Steven's pension.

**Facts and Procedural History**

Anne and Steven married in 1975. Steven subsequently began working at the Rhode Island Department of Corrections as a Senior Probation Counselor, a position he held for the rest of the marriage. Anne, on the other hand, went to work for the Town of Coventry in 1986. She initially worked part-time and earned no benefits, but began working full-time for the town in 1992 after filing for divorce from Steven on May 26 of that year.

During the course of the divorce proceedings, neither party conducted discovery, nor prepared expense sheets under oath. Steven drafted a proposed property-settlement agreement and presented it to Anne and her counsel. Anne accepted the property-settlement agreement, modifying it only insofar as to require that Steven provide health insurance coverage until she remarried. Anne's counsel did not request financial disclosures from Steven or take any steps to inquire about the existence of assets not identified in the property-settlement agreement.

On August 11, 1992, a trial justice of the Family Court held a nominal hearing on the divorce proceedings. Anne was represented by counsel, but Steven was not. Both parties testified about their agreement as to the distribution of the marital

property, and although Steven was unrepresented at the hearing, he testified that he discussed the settlement with his own attorney. Steven also testified that he was employed by the Department of Corrections at the time. In rendering a decision from the bench, the trial justice found that the parties entered into the property-settlement agreement upon the advice of counsel, with a full understanding of its terms and conditions; and he granted Anne's complaint for divorce and merged the property-settlement agreement into the final decree.

The property-settlement agreement contemplates the distribution of the marital home, life insurance policies, and medical insurance coverage. It makes no mention of Steven's pension. Paragraph 33 of the property-settlement agreement provides:

> "This Agreement shall be construed and governed in accordance with the laws of the State of Rhode Island and in accordance with the practices and procedures of the Rhode Island Family Court. This Agreement encompasses the entire Agreement between the parties, and in writing, of HUSBAND and WIFE. This Agreement shall be binding upon the parties hereto, and their legal representatives, executors, administrators, and assigns. Both parties acknowledge receipt of a full disclosure of any and all of the assets of the other and the respective value attributable to same. In the event it shall be discovered that either party has concealed any asset of any kind, he or she, covenants herein that he or she will give one half of said asset to the other. This Agreement constitutes the entire Agreement between the parties and may not be modified in any manner, except by order of the Rhode Island Family Court."

The parties signed the property-settlement agreement on September 19, 1992, and the Family Court incorporated and merged the property-settlement agreement into the final judgment entered on February 1, 1993. On June 27, 2017, Anne filed a motion for post-judgment relief seeking an award of one-half interest of the marital portion of Steven's pension. Anne did not allege that Steven engaged in any fraud or misrepresentation, but asserted that Steven "concealed" the pension by "not address[ing] this asset at the time of the Divorce" and by "not mak[ing] this asset known to [Anne] or her Counsel."

A second trial justice heard testimony from both parties on June 26, 2018. Anne testified that she was not previously aware that Steven had a pension. She explained that, to her recollection, the parties never discussed the pension during their marriage, during preparation of the property-settlement agreement, or during the divorce proceedings. She testified that Steven never mentioned pension or retirement benefits to her, and that he alone drafted the terms of the property-settlement agreement. Anne explained that she first became aware of the pension in 2017 after a conversation with her current husband and his son, when the son asked whether she received a portion of Steven's pension since Steven worked for the State of Rhode Island. In arguing an entitlement to one-half of the marital portion of Steven's pension, Anne asserted that common law contract law compelled an award. She also argued that the court could consider her motion "to be in the nature of a

- 4 -

Rule 60(b) motion" or, alternatively, that the trial justice could treat it as an independent claim as in *Zaino v. Zaino*, 818 A.2d 630 (R.I. 2003).[3]

Steven's testimony confirmed that he never filed anything with the court mentioning that he had a pension. However, he also testified that he recalled discussing the pension with Anne and his counsel argued that, pursuant to paragraph 33 of the property-settlement agreement, the parties had "acknowledg[ed] receipt of a full disclosure of any and all assets of the other [party.]" He argued that the statute of limitations and the doctrine of laches barred Anne's motion, filed twenty-four

---

[3] Rule 60(b) of the Family Court Rules of Domestic Relations Procedure sets out that relief from judgment may be afforded for:

> "(1) Mistake, inadvertence, surprise, or excusable neglect;
>
> "(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> "(3) Fraud, misrepresentation, or other misconduct of an adverse party;
>
> "(4) The judgment is void;
>
> "(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which the judgment is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> "(6) Any other reason justifying relief from the operation of the judgment."

years after finalization of their divorce; he maintained that Anne knew or should have known about the pension at the time of divorce, or soon thereafter, particularly as Anne had counsel who should have inquired about any possible pension.

The trial justice issued a bench decision on August 3, 2018. She found that the parties did not conduct discovery in 1992 and that Steven did not file an expense sheet (DR-6). The trial justice contemplated whether Steven disclosed his pension to Anne before or during the divorce. She ultimately found that he did not and determined that Steven concealed his pension based on this failure to disclose. Having decided that Anne did not know about the pension until 2017, the trial justice held that neither the statute of limitations nor laches barred the action, and she granted Anne's motion.

On October 12, 2021, a written order entered enforcing paragraph 33 of the property-settlement agreement and awarding Anne one-half of the marital portion of Steven's pension. Steven filed a notice of appeal prior to entry of an order stating the retroactive amount owed; we remanded for determination of that amount. On August 1, 2022, the trial justice ordered that Steven owed Anne monthly payments of $414.35 from November 2005 to July 2022, which reached a total of $83,284.35.

## Standard of Review

Our review of a Family Court justice's decision "is deferential." *Giarrusso v. Giarrusso*, 204 A.3d 1102, 1106 (R.I. 2019). Where the trial justice's "decision

reasonably indicates that [she] exercised [her] independent judgment in passing on the weight of the testimony and the credibility of the witnesses it will not be disturbed on appeal unless it is clearly wrong or otherwise incorrect as a matter of law." *V. George Rustigian Rugs, Inc. v. Renaissance Gallery, Inc.*, 853 A.2d 1220, 1225 (R.I. 2004) (quoting *Connor v. Sullivan*, 826 A.2d 953, 960 (R.I. 2003)).

## Discussion

Steven argues that the trial justice erred in granting Anne's motion for relief because, he maintains, the motion was untimely filed. More specifically, he asserts that the statute of limitations in G.L. 1956 § 9-1-17 and the doctrine of laches bar Anne's belated request to reopen the final judgment entered on February 1, 1993. Alternatively, Steven argues that the trial justice erred by failing to consider all equitable distribution factors in G.L. 1956 § 15-5-16.1 when she reopened the judgment and awarded Anne one-half of the marital portion of Steven's pension.

We agree that § 9-1-17 bars Anne's motion for relief and is dispositive of this appeal.[4]

Upon the incorporation and merger of the parties' property-settlement agreement into the court's judgment on February 1, 1993, "the agreement [wa]s no

---

[4] We need not reach Steven's arguments concerning the equitable doctrine of laches, but note the longstanding principle that "equity follows the law in [respect to statutes of limitations], for the reason that one should not be allowed to enforce a claim in equity which upon grounds of public policy could not be enforced at law." *Taylor v. Slater*, 21 R.I. 104, 106, 41 A. 1001, 1002 (1898).

longer a private contract between the parties, [and] the rules that govern the enforcement of a divorce judgment control." *Ramsbottom v. Ramsbottom*, 542 A.2d 1098, 1100 (R.I. 1988). Section 9-1-17, which governs the limitations of actions on judgments, dictates that "actions shall be commenced and sued within twenty (20) years next after the cause of action shall accrue and not after * * *."

A straightforward application of this limitation of actions therefore required Anne to commence any action on the final judgment—at the latest—before February 1, 2013, or within twenty years after February 1, 1993. After Anne initiated divorce proceedings on May 26, 1992, she had an opportunity to conduct discovery and to seek disclosure of Steven's assets prior to the nominal hearing held on August 11, 1992. At the nominal hearing, Steven testified about his employment with the State of Rhode Island; moreover, the trial justice queried both parties about their property-settlement agreement, found that they fully understood its terms, directed that the property-settlement agreement be reduced to writing, and ordered that it be incorporated and merged into the court's final order. One month later, on September 19, 1992, the parties signed the written property-settlement agreement, and the court entered final judgment several months later.

Regardless of whether Anne was aware of Steven's pension at the time of filing the complaint for divorce, she had ample time and opportunity to discover what marital assets existed, and to seek an equitable distribution of the complete

marital estate. However, she did not seek such relief until more than twenty-four years after final judgment was entered. Her request was clearly untimely. *See Tworog v. Tworog*, 45 A.3d 1194, 1199 (R.I. 2012) (affirming the Family Court's denial of the plaintiff's motion to reopen the final judgment of divorce where the plaintiff "filed no interrogatories, requested no other discovery, and did not require or seek that [the defendant] prepare and provide any financial DR-6 [f]orm to the [c]ourt").

Anne emphasizes the finding by the trial justice that Anne credibly testified that she did not know about Steven's pension until 2017. She also highlights the finding by the trial justice that Steven failed to disclose his pension during the divorce proceedings. Anne argues that these findings are entitled to deference and should not be disturbed. Moreover, Anne asserts that her latent discovery of Steven's pension in 2017 tolled the running of the statute of limitations. In making her latent-discovery argument, Anne relies on this Court's decision in *Anthony v. Abbott Laboratories*, 490 A.2d 43 (R.I. 1985), which articulates the discovery rule, as well as § 9-1-20, a statutory basis for tolling where there has been fraudulent concealment. However, we disagree that her case was tolled under either scenario.

The discovery rule operates to delay the accrual of a cause of action, such "that the statute of limitations does not begin to run until the plaintiff discovers, or with reasonable diligence should have discovered, the wrongful conduct of the

[defendant]." *Mills v. Toselli*, 819 A.2d 202, 205 (R.I. 2003) (quoting *Supreme Bakery, Inc. v. Bagley*, 742 A.2d 1202, 1204 (R.I. 2000)). We have restricted the application of the discovery rule to a "limited class of cases," *Hyde v. Roman Catholic Bishop of Providence*, 139 A.3d 452, 461 (R.I. 2016), and "narrowly defined factual situations," *Polanco v. Lombardi*, 231 A.3d 139, 146 (R.I. 2020) (quoting *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 600 (R.I. 2019)). This class includes cases of medical malpractice, *Wilkinson v. Harrington*, 104 R.I. 224, 238, 243 A.2d 745, 753 (1968), certain products liability actions, *Romano v. Westinghouse Electric Co.*, 114 R.I. 451, 462, 336 A.2d 555, 561 (1975); *Anthony*, 490 A.2d at 48, and real property damage, *Lee v. Morin*, 469 A.2d 358, 360 (R.I. 1983). Anne does not address the limited nature of the discovery rule or demonstrate how the facts of this case warrant its application. We decline to extend the discovery rule in this case.

Turning to Anne's second argument, § 9-1-20 tolls the statute of limitations when the defendant fraudulently conceals, "by actual misrepresentation," a cause of action from the plaintiff. Section 9-1-20 provides "the cause of action shall be deemed to accrue against the person so liable at the time when the person entitled to sue thereon shall first discover its existence." To prove fraudulent concealment, the plaintiff must demonstrate "(1) that the defendant made an actual misrepresentation of fact; and (2) that, in making such misrepresentation, the defendant fraudulently

concealed the existence of the plaintiff's causes of action." *Polanco*, 231 A.3d at 153 (quoting *Boudreau*, 212 A.3d at 601). The defendant's misrepresentation must have been "express" or the defendant must have "engaged in other affirmative conduct" that "could reasonably deceive another and induce him or her to rely thereon to his or her disadvantage." *Boudreau*, 212 A.3d at 601-02 (quoting *Hyde*, 139 A.3d at 466).

Based on the testimony, the trial justice found that Steven "failed to disclose his pension, which was a marital asset at the time of the divorce * * *." However, we have held that "mere silence or inaction on the part of the defendant does not constitute actual misrepresentation * * *." *Polanco*, 231 A.3d at 153-54 (quoting *Boudreau*, 212 A.3d at 602). Thus, even accepting as true that Steven did not mention his pension during the divorce proceedings, that omission alone is not sufficient to establish fraudulent concealment by actual misrepresentation. *See Hyde*, 139 A.3d at 466. Anne has not claimed that Steven engaged in any affirmative act of misrepresentation. Rather, she has consistently claimed Steven "concealed" the pension by "not address[ing]" it and failing to mention it to her. The record does not indicate that Steven was asked if he had a pension and denied that he did, thereby engaging in an express misrepresentation. Absent evidence "of any factual misrepresentation," § 9-1-20 has no applicability to this case and does not toll the statute of limitations. *Boudreau*, 212 A.3d at 602.

- 11 -

We conclude that the trial justice's decision granting Anne's motion for relief was incorrect as a matter of law. The request for an award of one-half interest of the marital portion of Steven's pension was clearly untimely, and Anne's latent discovery of Steven's pension did not toll the running of the statute of limitations.

## Conclusion

For the foregoing reasons, we vacate the orders of the Family Court that award Anne a portion of Steven's pension, and remand the case to the Family Court for entry of a final order consistent with this opinion.

Justice Lynch Prata did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Anne Capaldi v. Steven Capaldi. |
| **Case Number** | No. 2021-328-Appeal. (K 92-543) |
| **Date Opinion Filed** | June 21, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Kent County Family Court |
| **Judicial Officer from Lower Court** | Associate Justice Karen Lynch Bernard |
| **Attorney(s) on Appeal** | For Plaintiff: Edward C. Roy, Jr., Esq. For Defendant: Jean A. Boulanger, Esq. |